OPINIONS OF THE SUPREME COURT OF OHIO

     The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.


Miller et al., Appellants, v. Progressive Casualty Insurance
Company, Appellee.
[Cite as Miller v. Progressive Cas. Ins. Co. (1994),    Ohio
St.3d    .]
Automobile liability insurance -- Provision in policy for
     uninsured or underinsured motorist coverage which
     precludes insured from commencing any action against
     insurance carrier for payment of uninsured or underinsured
     motorist benefits, unless the insured has commenced suit
     within one year from the date of the accident, is void as
     against public policy.
                              ---
A provision in a policy for uninsured or underinsured
     motorist coverage which precludes the insured from
     commencing any action or proceeding against the insurance
     carrier for payment of uninsured or underinsured motorist
     benefits, unless the insured has demanded arbitration
     and/or commenced suit within one year from the date of the
     accident, is void as against public policy.  (Colvin v.
     Globe Am. Cas. Co. [1982], 69 Ohio St.2d 293, 23 O.O.3d
     281, 432 N.E.2d 167; and Duriak v. Globe Am. Cas. Co.
     [1986], 28 Ohio St.3d 70, 28 OBR 168, 502 N.E.2d 620,
     overruled to the extent inconsistent herewith.)
                              ---
     (No. 93-987 -- Submitted April 26, 1994 -- Decided July
27, 1994.)
     Appeal from the Court of Appeals for Lucas County, No.
L-92-235.
     On August 18, 1990, Robert S. Miller, appellant, was
injured when the automobile he was driving was struck in the
rear by a vehicle operated by an uninsured motorist.  The
collision was caused by the negligence of the uninsured
tortfeasor.
     At the time of the accident, Miller and appellant Sharon
Miller (collectively referred to as "appellants") had an
automobile insurance policy with appellee, Progressive Casualty
Insurance Company.  The policy provided appellants with
uninsured and underinsured motorist coverage.  Following the

accident, a dispute apparently arose concerning the amount of uninsured motorist benefits due appellants. The matter remained unresolved for a period exceeding one year. During that period, appellants never commenced suit against appellee or demanded arbitration of the disputed issue(s). On September 9, 1991, appellee denied appellants' claim for uninsured motorist benefits on the basis of a provision in the policy which states:

"If an insured person and we [the insurer] have not reached an agreement (1) that the insured person is legally entitled to recover damages from the owner or operator of an uninsured motor vehicle or underinsured motor vehicle, or (2) as to the amount of payment under this Part V [uninsured/underinsured motorist coverage], the insured person shall make written demand upon us within twelve (12) months from the date of accident that the issue be determined by arbitration.

"In that event, the matter or matters upon which an agreement has not been reached shall be determined by arbitration * * *.

"No lawsuit or action whatsoever or any proceeding in arbitration shall be brought against us for the recovery of any claim under this Part unless the insured person has satisfied all of the things that insured person is required to do under this policy and unless the lawsuit or arbitration is commenced within twelve (12) months from the date of the accident."

On September 12, 1991, appellants filed a complaint against appellee in the Court of Common Pleas of Lucas County. In the complaint, appellants sought recovery against appellee for uninsured motorist benefits and for the tort of bad faith. Appellee answered the complaint and counterclaimed for declaratory relief, asserting that appellants were not entitled to coverage since they had failed to initiate suit or demand arbitration within the one-year limitations period provided in the insurance contract.

On January 27, 1992, appellee filed a motion for summary judgment on the claims set forth in the complaint. In support, appellee argued that it was not responsible to pay uninsured motorist benefits due to the requirement in the policy that arbitration be demanded and any proceeding against the insurer be initiated within one year of the date of the accident. Additionally, appellee argued that appellants had adduced no evidence to support the claim of bad faith. On May 27, 1992, the trial court granted the motion and entered judgment in favor of appellee.

On appeal to the court of appeals, appellants urged that the one-year limitations period in the policy was invalid and unenforceable. The court of appeals, citing Colvin v. Globe American Cas. Co. (1982), 69 Ohio St.2d 293, 23 O.O.3d 281, 432 N.E.2d 167, rejected appellants' contention. Thus, the court of appeals concluded that summary judgment was appropriate on appellants' claim for uninsured motorist benefits. Additionally, the court of appeals held that summary judgment was properly granted on the claim of bad faith, finding no evidence to support that claim. Accordingly, the court of appeals affirmed the judgment of the trial court.

The cause is now before this court pursuant to the

allowance of a motion to certify the record.

Rogers, Godbey & Horner Co., L.P.A., and George C. Rogers, for appellants.

Jones & Bahret Co., L.P.A., Robert J. Bahret and Keith J. Watkins, for appellee.

Douglas, J.    The time has arrived for this court to revisit the holding in Colvin, supra, 69 Ohio St.2d 293, 23 O.O.3d 281, 432 N.E.2d 167.  In that case, an insured was injured as a result of a collision with an uninsured motorist. The insured's policy provided uninsured motorist coverage. That coverage contained a provision requiring that any dispute between the insured and his insurance carrier be submitted to arbitration.  However, the right to arbitration was limited by the following provision:

"'Action Against the Company:  No suit or action whatsoever or any proceeding instituted or processed in arbitration shall be brought against the company for the recovery of any claim under this coverage unless as a condition precedent thereto, the insured or his legal representative has fully complied with all of the terms of the policy and unless same is commenced within twelve months next after the date of the accident.'"  Id. at 293, 23 O.O.3d at 281, 432 N.E.2d at 168.

In Colvin, the insured failed to request arbitration within one year of the date of the accident.  On this basis, the carrier denied uninsured motorist coverage.  Thereafter, the insured filed a declaratory judgment action seeking a determination that the one-year limitations period in the insurance contract was void as against public policy.  The trial court held that the provision was neither unlawful nor violative of public policy.  On appeal, the court of appeals reversed.  Upon further appeal, this court reversed the judgment of the court of appeals, holding that the one-year time limitation contained in the uninsured motorist provisions of the policy was "neither in conflict with R.C. 2305.10, the two-year statute of limitations for bringing actions for personal injuries, nor in violation of the public policy as embodied in R.C. 3937.18, the statute requiring the offering of uninsured motorist insurance."  Id at 297, 23 O.O.3d at 283, 432 N.E.2d at 170.  The plurality in Colvin held that the parties to an insurance contract can agree to limit the time within which to commence an action or proceeding for payment of uninsured motorist benefits, if the contractual limitation is clear, unambiguous and reasonable.  Id. at 296, 23 O.O.3d at 283, 432 N.E.2d at 169.  Finding that these requirements had been satisfied, the plurality in Colvin upheld the one-year limitations period in the uninsured motorist provisions of the policy.

In the years since Colvin was decided, the courts of appeals in this state have apparently sought to limit the full effect of that decision.  Specifically, the courts of appeals in a number of appellate districts have held that a contractual one-year time limitation of the type upheld in Colvin is invalid (unreasonable) as applied to underinsured motorist coverage.  See, e.g., Cook v. Ohio Mut. Ins. Assn. (May 29,

1990), Clermont App. No. CA89-09-081, unreported; Worley v. Ohio Mut. Ins. Assn. (1991), 76 Ohio App.3d 531, 602 N.E.2d 416; Lapata v. Progressive Cas. Ins. Co. (1992), 79 Ohio App.3d 65, 606 N.E.2d 1015; and Medved v. Progressive Cos. (Jan. 31, 1992), Lake App. No. 90-L-15-161, unreported.  In essence, these courts have distinguished Colvin as a case applying to uninsured motorist coverage.  See, also, Am. Select Ins. Co. v. Stopar (Dec. 10, 1992), Cuyahoga App. Nos. 61158 and 61159, unreported.  Further, at least one Ohio appellate court has found, in a case involving uninsured motorist coverage, that a one-year contractual limitations period, like the one at issue in Colvin, is unenforceable in certain limited circumstances. See Dougherty v. Colonial Ins. Co. of California (Aug. 31, 1992), Stark App. No. CA-8753, unreported.  In this regard, we, too, have strained to avoid the impact of Colvin under circumstances where Colvin would seemingly compel a conclusion perceived by us to be unfair.  See, e.g., Kraly v. Vannewkirk (1994),     Ohio St.3d    ,     N.E.2d    .

To enforce our pronouncements of the law, courts must rely to a large extent upon the strength and reasoning of our opinions and judgments.  Obviously, we have no army or police force at our disposal to enforce our pronouncements.  It is clear to us that Colvin has been viewed as unfair and that, where possible, the rule in Colvin has been avoided.  Colvin has been riddled with exceptions and distinguished to death. The time has come for its judicial burial.

R.C. 3937.18(A) mandates that uninsured and underinsured motorist coverage must be offered when a policy of automobile or motor vehicle liability insurance is delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in Ohio.  In considering a former version of this statute, and the requirement of offering uninsured motorist coverage, this court said in Bartlett v. Nationwide Mut. Ins. Co. (1973), 33 Ohio St.2d 50, 52, 62 O.O.2d 406, 408, 294 N.E.2d 665, 666, that "the legislative purpose in creating compulsory uninsured motorist coverage was to place the injured policyholder in the same position, with regard to the recovery of damages, that he would have been in if the tortfeasor had possessed liability insurance."  Further, as we recognized in State Farm Auto. Ins. Co. v. Alexander (1992), 62 Ohio St.3d 397, 400, 583 N.E.2d 309, 312, the intent of R.C. 3937.18 is (1) to provide uninsured motorist coverage for injured persons who have a legal cause of action against a tortfeasor but who are uncompensated for their injuries because the tortfeasor lacks liability insurance, and (2) to provide underinsured motorist coverage for injured persons who have a legal cause of action against the tortfeasor but who are undercompensated for their injuries because the tortfeasor's liability coverage is insufficient to provide full compensation.

The policy provision at issue in this case, like the provision at issue in Colvin, supra, limits the insured to a period of one year to demand arbitration and/or file suit against the insurer for payment of uninsured motorist benefits.  Failure to satisfy this deadline results in the loss of coverage and precludes any legal action whatsoever against the insurance carrier for payment of uninsured motorist benefits.  Such a provision is contrary to the purposes of R.C.

3937.18.  In Ohio, the statute of limitations for bodily injury actions is two years.  R.C. 2305.10.  Thus, appellants, who apparently claim to have suffered bodily injury as a result of the accident, were entitled to a statutory two-year period to commence an action for bodily injury against the tortfeasor. Conversely, the time-limitation provision in appellants' policy provided a lesser period of time for appellants to initiate an action or proceeding against appellee to recover benefits for the injuries they suffered at the hands of the tortfeasor.  As a result of the policy provision, appellants were not placed in the same position, with regard to the recovery of damages, that they would have enjoyed had the tortfeasor been insured.  As a practical matter, the effect of the policy provision was to deprive appellants of the coverage required by R.C. 3937.18.

In Alexander, supra, syllabus, we held that: "An automobile insurance policy may not eliminate or reduce uninsured or underinsured motorist coverage, required by R.C. 3937.18, to persons injured in a motor vehicle accident, where the claim or claims of such persons arise from causes of action that are recognized by Ohio tort law."  Contrary to Alexander and the purposes of R.C. 3937.18, that is precisely what the time-limitation provision in the policy issued by appellee sought to do.  Accordingly, the provision must fail.

We recognize that an action by an insured against an insurance carrier for payment of uninsured or underinsured motorist benefits is a cause of action sounding in contract. The statute of limitations for an action upon a written contract is fifteen years.  See R.C. 2305.06.  We are also aware, and are in agreement with, the principle recognized in Colvin, supra, 69 Ohio St.2d at 295, 23 O.O.3d at 282, 432 N.E.2d at 169, that, "[g]enerally, in the absence of a controlling statute to the contrary, a provision in a contract may validly limit, as between the parties, the time for bringing an action on such contract to a period less than that prescribed in a general statute of limitations provided that the shorter period shall be a reasonable one."  However, the contractual limitations period in the case at bar violates the public policy embodied in R.C. 3937.18 because it purports to dilute or eliminate the rights of the insured to coverage required by statute.

The purposes of uninsured and underinsured motorist coverage are similar.  Our determination with respect to the validity of a contractual time-limitation provision for uninsured motorist coverage applies with equal force to the validity of a limitations provision affecting underinsured motorist coverage.  Whether a case involves uninsured or underinsured coverage, the central question concerning the validity of a contractual period of limitations remains the same:  Does the public policy embodied in R.C. 3937.18 prohibit provisions in an insurance contract which limit the period within which an insured must initiate an action or proceeding for payment of uninsured or underinsured motorist benefits to a period of one year?  We answer this question in the affirmative.

Accordingly, we hold that a provision in a policy for uninsured or underinsured motorist coverage which precludes the insured from commencing any action or proceeding against the insurance carrier for payment of uninsured or underinsured

motorist benefits, unless the insured has demanded arbitration and/or commenced suit within one year from the date of the accident, is void as against public policy. Therefore, to the extent that they conflict with this holding, Colvin, supra, 69 Ohio St.2d 293, 23 O.O.3d 281, 432 N.E.2d 167, and Duriak v. Globe Am. Cas. Co. (1986), 28 Ohio St.3d 70, 28 OBR 168, 502 N.E.2d 620 (applying and reaffirming Colvin), are overruled.

Finally, we do not suggest that time-limitation provisions of the type at issue in this case are altogether prohibited. Consistent with our analysis, a two-year period, such as that provided for bodily injury actions in R.C. 2305.10, would be a reasonable and appropriate period of time for an insured who has suffered bodily injuries to commence an action or proceeding for payment of benefits under the uninsured or underinsured motorist provisions of an insurance policy.

For the foregoing reasons, we reverse the judgment of the court of appeals regarding the validity of the contractual time-limitations provision of the policy. We remand this cause to the trial court to reinstate appellants' action for payment of uninsured motorist benefits and for further proceedings on that claim.1

Judgment reversed<br>
and cause remanded.

A.W. Sweeney, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.

Moyer, C.J., and Wright, J., dissent.

FOOTNOTE:

1    Appellants have raised a number of other issues in this appeal. However, without further comment, we do not disturb the findings of the trial court or court of appeals on any of these matters, including the trial court's and court of appeals' determination that appellee was entitled to summary judgment on appellants' cause of action for the tort of bad faith.

Wright, J., dissenting.    Judicial decisions are theoretically keyed to ideas and, in cases having little precedent, are creative in character. And although constraints on the process do exist, our system is such that these constraints are largely internal in nature, i.e., they are enforced chiefly by self-restraint. Thus, I believe it is a given that the reasoning contained in our opinions is the only way to lend legitimacy to the results. We must be accountable to the public and to interested parties, and when courts exceed the boundary of justification by a lack of reasoning, legitimacy goes out the window. Thus, where a court rules seemingly from the heart, ignoring precedent and indulging in "reasoning" skewed toward a desired result as opposed to applying the prevailing law to the facts at hand, legitimacy is lost.

I must say that there is a certain amount of irony in the stated rationale for "revisiting" Colvin v. Globe Am. Cas. Co. (1982), 69 Ohio St.2d 293, 23 O.O.3d 281, 432 N.E.2d 167. Aside from citing sundry appellate court decisions distinguishing Colvin, the majority simply states that "[i]t is clear to us that Colvin has been viewed as unfair ***." The majority echoes one of the founders of our country, Alexander Hamilton,2 by stating that "courts must rely to a large extent

upon the strength and reasoning of our opinions" for enforcement of our pronouncements, as "we have no army or police force at our disposal." I quite agree with this thesis, but the specter of barbarians at the gate in this context is a tad overdone.

My fundamental objection to the majority opinion is the total absence of "reasoning" underlying its destruction of a simple, unambiguous contractual limitation running between an insurer and its insured. I suppose "unfairness" lies in the eyes of the beholder, but it is worth noting that there is no hint of fraud or misrepresentation in the present case. I also note that we have repeatedly upheld statutes of limitations as short as one year or even six months. The question asks itself: Why there and not here?

I suggest that all this talk of unfairness has no real validity. When one cuts to the bone, what emerges here is a simple case of negligence by one of the parties and a misguided effort by this court to ameliorate the effects of that error.

For the record, I would reiterate the solid reasoning contained in Colvin, where we stated:

"This court has previously stated that the legal basis for recovery under the uninsured motorist coverage of an insurance policy is contract and not tort. Motorists Mutl. Ins. Co. v. Tomanski (1971), 27 Ohio St.2d 222 [223, 56 O.O.2d 133, 134, 271 N.E.2d 924, 925].

"***

"Generally, in the absence of a controlling statute to the contrary, a provision in a contract may validly limit, as between the parties, the time for bringing an action on such contract to a period less than that prescribed in a general statute of limitations provided that the shorter period shall be a reasonable one. United Commercial Travelers v. Wolfe (1947), 331 U.S. 586, 608 [67 S.Ct. 1355, 1365, 91 L.Ed.2d 1687, 1695].

"***

"R.C. 3937.18, the statute providing for the mandatory offering of uninsured motorist coverage, has no statute of limitations, nor does it make reference to any prescribed statute of limitations. Therefore, again it may be reasonably concluded that the time within which to bring an action on the policy may be provided within the instrument, if the time provision is clear, unambiguous, and a reasonable period. Here, the contract of insurance is unambiguous in its terms relating to the period within which an action must be brought against the company on the uninsured motorist provisions of the policy, and that is clearly one year."

Our conclusion in Colvin bears repeating:

"Although this case and its fact situation may present some degree of hardship, we cannot say as a general rule that a period of one year provided by the insurance contract entered into by the parties is an unreasonable period of time within which to bring an action against the company on the uninsured motorist provision of the policy.

"We therefore conclude that such a time limitation as contained within an uninsured motorist provision of the policy is neither in conflict with R.C. 2305.10, the two-year statute of limitations for bringing actions for personal injuries, nor

in violation of the public policy as embodied in R.C. 3937.18, the statute requiring the offering of uninsured motorist insurance."

For the reasons noted above, I respectfully but vigorously dissent.

Moyer, C.J., concurs in the foregoing dissenting opinion.

FOOTNOTE:

2 "Whoever attentively considers the different departments of power must perceive, that, in a government in which they are separated from each other, the judiciary, from the nature of its functions, will always be the least dangerous to the political rights of the Constitution; because it will be least in a capacity to annoy or injure them.  The Executive not only dispenses the honors, but holds the sword of the community.  The legislature not only commands the purse, but prescribes the rules by which the duties and rights of every citizen are to be regulated.  The judiciary, on the contrary, has no influence over either the sword or the purse; no direction either of the strength or of the wealth of the society; and can take no active resolution whatever.  It may truly be said to have neither FORCE nor WILL, but merely judgment; and must ultimately depend upon the aid of the executive arm even for the efficacy of its judgments. Hamilton, The Federalist No. 78.