OPINION
Defendant-appellant Wayne Mutual Insurance Company appeals from the February 10, 1999, Judgment Entry of the Richland County Court of Common Pleas overruling its Motion for Summary Judgment while granting partial summary judgment in favor of plaintiff-appellee Robert J. Kurtz.
 STATEMENT OF THE FACTS AND CASE
On February 19, 1996, appellee Robert Kurtz was injured when a car driven by Steven A. Kopina went left of center and struck appellee's vehicle. Appellee, on the same day, notified his insurance agent of the accident. The next day, Aten Menetti Insurance Agency, Inc., an agent of appellant Wayne Mutual, sent appellee an accident form to complete and return. Appellee was the insured under a policy issued by appellant Wayne Mutual Insurance Company. The policy (policy number PWA 3400111103-0), which was effective from June 19 1995, to June 19, 1996, contained the following language in Part C, which outlined uninsured motorists coverage: "No action or suit whatsoever or any proceeding requested, instituted or processed in arbitration may be brought against us for the recovery of any claim under this Part unless such suit, action or proceeding in arbitration against us is commenced within 24 months next after the date of the accident."
The policy also provided for underinsured motorist coverage in the amount of $100,000.00 per person/$300,000.00 per accident. Pursuant to a letter dated February 23, 1996, from appellant Wayne Mutual Insurance Company to appellee, appellant stated that it was in receipt of appellee's claim for medical coverage pertaining to the accident and requested that appellee fill out, sign and return a medical payments proof of loss form along with any medical bills pertaining to appellee's claim. On June 17, 1996, appellee mailed a "Medical Expense Proof of Loss and Subrogation Assignment" form to appellant with copies of appellee's medical bills. The form indicated that it was to "be used for medical payments, uninsured motorist or underinsured motorist claims." Appellant subsequently paid the $5,000.00 medical payments coverage. On January 22, 1997, appellee filed a complaint against Steven A. Kopina, the driver of the vehicle that struck appellant's vehicle. Kopina was the insured under an automobile insurance policy issued by Allstate Insurance Company. On March 4, 1997, Kopina filed an answer to appellee's complaint. Kopina, on April 1, 1997, then filed a third party complaint against Danny R. Albert and Larry Blunk. Albert and Blunk filed a joint answer on May 15, 1997. A copy of the complaint filed by appellee against Kopina was faxed by appellee's attorney to appellant's attorney on January 7, 1998. After learning that the policy limits under Kopina's Allstate Insurance Policy were $50,000.00, which is less than the damages appellee claimed and less than appellee's underinsured limits of $100,000.00 per person/$300,000.00 per accident under his Wayne Mutual policy, appellee's counsel, on or about June 24, 1998, sent appellant's counsel a letter stating as follows: "For the first time, on June 22, 1998, I was advised of Allstate's policy limit. We originally put your agent on notice on March 21, 1996, reference this case. In January of this year, I faxed you a copy of the complaint that was filed. It is obvious to me that this is not only a policy limits case with regard to Allstate, but also with regard to Wayne Mutual." Appellee's counsel further stated in his letter that "it is clear Ohio law will permit us to proceed against the defendant, Kopina, and any judgment we receive over his policy limit of $50,000.00, we can collect from Wayne Mutual up to $50,000.00." Pursuant to a letter dated June 30, 1998, from appellant's counsel to appellee's counsel, appellant denied coverage since appellee had not filed suit for underinsured motorist benefits within two years of the date of the accident as required by Part C of appellee's automobile insurance policy. Appellee, on October 14, 1998, filed an amended complaint with leave of court adding appellant as a defendant and seeking a total of $500,000.00 in compensatory damages. In his amended complaint, appellee set forth a claim for underinsured motorist coverage against appellant. Five days thereafter, Allstate Insurance, Kopina's insurer, offered its policy limits of $50,000.00 to appellee. On October 28, 1998, appellant filed an answer to appellee's amended complaint. Subsequently, Allstate Insurance Company, on November 18, 1998, paid $5,000.00 to appellant and $45,000.00 to appellee in settlement of appellee's claim against Kopina. The settlement exhausted Kopina's insurance policy coverage limits. Motions for Summary Judgment were filed by both appellee and appellant on January 11, 1999. Four days later, a stipulation for dismissal and Judgment Entry was filed indicating that appellee, Kopina, Albert and Blunk had settled and dismissed their claims, leaving only appellee's claim against appellant for underinsured motorist coverage under appellee's automobile insurance policy with appellant. A reply to appellant's Motion for Summary Judgment was filed by appellee on January 25, 1999. The trial court, pursuant to a Judgment Entry filed on February 10, 1999, overruled appellant's Motion for Summary Judgment and entered partial summary judgment in favor of appellee "that he has underinsured motorist coverage from defendant Wayne Mutual for the 2/9/96 collision." The trial court further held that the case would proceed to trial to determine the amount of appellee's damages. It is from the February 10, 1999, Judgment Entry that appellant prosecutes this appeal, raising the following assignment of error:
 THE TRIAL COURT ERRED IN OVERRULING DEFENDANT/APPELLANT'S MOTION FOR SUMMARY JUDGMENT AND IN GRANTING THE PLAINTIFF/APPELLEE'S MOTION FOR SUMMARY JUDGMENT.
Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35,36. Civ.R. 56(c) states in pertinent part: Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . .A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421,429, citing Dresher v. Burt (1966), 75 Ohio St.3d 280. It is based upon this standard we review appellant's sole assignment of error. I Appellant, as its sole assignment of error, maintains that the trial court erred in overruling appellant's Motion for Summary Judgment while, at the same time, granting that filed by appellee. Appellant specifically contends that appellee's action for underinsured motorist coverage is barred by the two year limitation of actions provision set forth in Part C of the automobile insurance contract issued by appellant to appellee. In the case sub judice, the automobile insurance policy issued by appellant to appellee requires that any legal action by the insured against the insurer commence within two years of the date of the accident. The Supreme Court of Ohio addressed limitation periods in Miller v. Progressive Cas. Ins. Co. (1994), 69 Ohio St.3d 619. The Court in Miller held as follows: "A provision in a policy for uninsured or underinsured motorist coverage which precludes the insured from commencing any action or proceeding against the insurance carrier for payment of uninsured or underinsured motorist benefits, unless the insured has demanded arbitration and/or commenced suit within one year from the date of the accident, is void as against public policy. Id. at syllabus."
Appellee, in the case sub judice, filed his amended complaint adding appellant as a defendant on October 14, 1998. This was approximately two years and eight months after appellee was injured in the automobile accident involving Kopina. Appellant maintains that, pursuant to the language in Part C of the insurance policy requiring actions against appellant to be commenced within two years of the date of the accident, appellee's claim for underinsured motorist coverage is, therefore, time-barred. We, however, do not agree since a cause of action for underinsured motorist coverage occurs, not on the date the accident occurs, but when the tortfeasor's policy limits are exhausted. Verhovec v. Motorist Ins. Cas. (May 1, 1998), Tusc. App. No. 97AP120080, unreported, citing Snyder v. Nationwide Mut. Ins. Co. (Dec. 4, 1995), Stark App. No. 95CA146, unreported. Likewise, in Kuhner v. Erie Ins. Co. (1994), 98 Ohio App.3d 692, the court held that a provision in an automobile insurance policy that required legal action against the insurer to recover uninsured/underinsured benefits to be initiated within two years from the date of the accident could not preclude an action which was commenced within two years of the exhaustion of the tortfeasor's insurance policies since the two year period could not commence prior to the accrual of a right of action for underinsured motorist benefits. The mere potential for exhaustion of the tortfeasor's liability limit does not satisfy the threshold requirement. Id. See Snyder, supra. Based on the foregoing, we find that the date that the two year limitations period commenced under the language of the policy issued by appellant to appellee was November 18, 1998, the date when appellant settled with the tortfeasor's insurer and the tortfeasor's liability limits were exhausted. "This is based upon the fact that underinsured coverage is only available when the damages suffered exceed those monies available under the tortfeasor's liability carrier." See Snyder, supra. at 5. It is only then that a cause of action for underinsured motorist benefits accrues. To require insureds to sue their underinsurance carriers before they know that they are in an underinsured situation "[t]aken to its logical conclusion . . . would mean a party's right to file suit is entirely divorced from their right to recover." Verhovec, supra. at 10. Since appellee's complaint against appellant was filed within two years of appellee's settlement with Allstate Insurance Company on November 8, 1998, Kopina's insurer, such complaint was timely filed. The trial court, therefore, did not err in granting appellee's Motion for Summary Judgment while denying that filed by appellant. Appellant's sole assignment of error is overruled.
The Judgment of the Richland County Court of Common Pleas is affirmed.
By Edwards, J. Wise, P.J. and Farmer, J. concurs