JOURNAL ENTRY and OPINION
{¶ 1} Plaintiffs-appellants Francisco Sarmiento, Rita Sarmiento, Braulio Sarmiento, Jesus Sarmiento, Delores Sarmiento, David Camacho, and David Camacho III (referred to as individuals or collectively as "Sarmientos") appeal the judgment of the Cuyahoga County Court of Common Pleas granting summary judgment in favor of defendant-appellee Grange Mutual Casualty Company ("Grange"). For the reasons stated below, we affirm in part, reverse in part, and remand
 {¶ 2} On November 5, 1998, Rita Sarmiento was operating her vehicle in Portales, New Mexico, when she was involved in an automobile accident. Accompanying her in the vehicle were the other above-named appellants. The tortfeasor, a New Mexico resident, was an uninsured motorist at the time of the accident. Rita Sarmiento maintained a policy of insurance through Grange ("Policy").
 {¶ 3} Pursuant to New Mexico law applicable at the time of the accident, all claims for personal injury are subject to a three-year statute of limitation. N.M. Stat.Ann. 37-1-8. The Policy, however, contained an endorsement providing that any suit against Grange must be commenced within two years.
 {¶ 4} On November 5, 2001, Sarmientos filed suit against Grange seeking uninsured benefits. Grange responded, arguing that Sarmientos failed to bring their claim within the provisions of the two-year limitation and, therefore, Sarmientos' claims are prohibited. Each party then filed a motion for summary judgment.
 {¶ 5} On March 27, 2003, the trial court ruled in favor of Grange, granting its motion for summary judgment in its entirety. Sarmientos filed a timely appeal and advance one assignment of error for our review.
 I {¶ 6} Civ.R. 56 provides that summary judgment may be granted only after the trial court determines: 1) no genuine issues as to any material fact remain to be litigated; 2) the moving party is entitled to judgment as a matter of law; and, 3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. Temple v.Wean United, Inc. (1977), 50 Ohio St.2d 317.
 {¶ 7} It is well established that the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. Celotex Corp. v. Catrett (1987), 477 U.S. 317,330. The record on summary judgment must be viewed in the light most favorable to the opposing party. Williams v. First United Church ofChrist (1974), 37 Ohio St.2d 150.
 {¶ 8} In moving for summary judgment, the "moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact or material element of the nonmoving party's claim." Dresher v. Burt (1996), 75 Ohio St.3d 280. Thereafter, the nonmoving party must set forth specific facts by the means listed in Civ.R. 56(C) showing a genuine issue for trial exists. Id. A motion for summary judgment forces the plaintiff to produce probative evidence on all essential elements of his case for which he has the burden of production at trial. Celotex Corp. v. Catrett (1987),477 U.S. 317, 330.
 {¶ 9} This court reviews the lower court's granting of summary judgment de novo. Ekstrom v. Cuy. Cty. Comm. College, 150 Ohio App.3d 169,2002-Ohio-6228.
 II {¶ 10} In their sole assignment of error, Sarmientos argue that "the trial court erred to the prejudice of appellants by granting appellee Grange Mutual Casualty Company's motion for summary judgment." For the reasons stated below, we affirm in part, reverse in part, and remand
 {¶ 11} Sarmientos argue initially that the two-year limitation contained in the Policy's endorsement is unenforceable because it is shorter than the time the New Mexico statute of limitations provides for bringing an action. In support of this position, Sarmientos cite Millerv. Progressive Cas. Co. (1994), 69 Ohio St.3d 619.
 {¶ 12} In Miller, the Ohio Supreme Court ruled that, although contractual time limitations are generally permissible, restrictions on claims involving uninsured and underinsured motorist's coverage violate public policy and are unenforceable. Id.
 {¶ 13} In response to Sarmientos' position that New Mexico's three-year statute of limitations applies, Grange argues that, absent a specific choice of law provision in the contract, the rights and duties under a contract are controlled by the laws where the contract was formed. Nationwide Mut. Ins. Co. v. Ferrin (1986), 21 Ohio St.3d 43. Because Sarmientos are from Ohio, the vehicles were garaged at an Ohio address, and Grange is an insurer operating in Ohio, Ohio law should apply. Further, an action for payment of underinsured motorist's coverage is a cause of action founded in contract, not tort. Ohayon v. SafecoIns. Co. of Illinois (2001), 91 Ohio St.3d 474.
 {¶ 14} Sarmientos argue that the Ohio Supreme Court has held that courts must look to the tort law of the state in which an accident occurred in order to determine whether Ohio UM/UIM law requires coverage. Kurent v. Farmers Ins. of Columbus, Inc. (1991),62 Ohio St.3d 242. Sarmientos' contention is that the Policy's restriction on the time to bring suit is against public policy. We find in favor of Grange.
 {¶ 15} It is axiomatic that in cases involving a contract, the law of the state where the contract is made governs interpretation of the contract. Ohayon, supra. Relevant factors to be considered in cases involving the interpretation of contracts of insurance include: (1) the location of the execution of the contract; (2) negotiation or performance of the contract; (3) the location of the subject matter of the contract; and (4) the domicile, residence, nationality, place of incorporation and place of business of the parties. Wilson v. Nationwide Ins. Co. (Nov. 20, 1997), Cuyahoga App. No. 71734. It is undisputed that the insurance contract between the parties was issued to Maria Sarmiento as a resident of Ohio and covered vehicles garaged in Ohio. Therefore, under the facts of this case, the Policy is subject to Ohio laws.
 {¶ 16} Sarmientos acknowledge that they are not seeking to apply New Mexico contract law to the case sub judice, but that this court is obligated to take into account the three-year statute of limitations when determining whether to apply Ohio's UM/UIM law. To this extent, they citeKurent, supra, which held: "Under Ohio law, the phrase `legally entitled to recover' means the insured must be able to prove the elements of * * * her claim * * * therefore the Kurents are only entitled to recover damages which [the tortfeasor] is legally liable to pay."
 {¶ 17} The Ohio Supreme Court in Ohayon, supra, however, ruled that "an action by an insured against * * * her insurance carrier for payments of underinsured motorist benefits is a cause of action sounding in contract, rather than tort, even though it is tortious conduct that triggers contractual provisions." While Sarmientos' case against the tortfeasor is still pending in New Mexico, the suit against Grange is a declaratory action, just as in Ohayon. A tort choice-of-law analysis will not always control UM and UIM claims. Ohayon, 91 Ohio St.3d 474.
 {¶ 18} Reviewing the circumstances in their entirety, including consideration of the three-year statute of limitations in New Mexico, we find that Ohio law applies in determining the rights and duties of the parties under the policy.[1]
 {¶ 19} Even if the New Mexico tort law does not apply, Sarmientos argue that under Miller v. Progressive (1994), 69 Ohio St.3d 619, a contract provision that gives an insured less time to bring a claim against his uninsured motorist carrier than the time he has in which to bring a claim against the uninsured tortfeasor is unenforceable and void under Ohio law. Because the Policy provides one year less than the New Mexico statute of limitations, the Sarmientos claim the Policy violated Ohio law and public policy. Despite a well-reasoned argument, we find Sarmientos' interpretation of Miller overbroad.
 {¶ 20} In Miller, the court held that an insurer's one-year contractual limitation on an insured's right to present a UM claim violated public policy. Specifically, the court held "that a provision in a policy for uninsured or underinsured motorist coverage which precludes the insured from commencing any action or proceeding against the insurance carrier for payment of uninsured or underinsured motorist benefits, unless the insured has demanded arbitration and/or commenced suit within one year from the date of the accident, is void as against public policy."[2]
 {¶ 21} However, the Miller court found that "consistent with our analysis, a two-year period, such as that provided for bodily injury actions in R.C. 2305.10, would be a reasonable and appropriate period of time for an insured who has suffered bodily injuries to commence an action or proceeding for payment of benefits under the uninsured or underinsured motorist provisions of an insurance policy."
 {¶ 22} We find that the Grange policy's limitation is reasonable and, therefore, enforceable. The New Mexico three-year statute of limitations controls the relationship between Sarmientos and the tortfeasor. The contractual relationship between Sarmientos and Grange is governed by Ohio law. The limiting provision is not hidden or buried among various provisions. There is nothing overly prejudicial about Sarmientos having a duty to file suit against Grange within two years.
 III {¶ 23} Sarmientos further argue that even if Grange's contractual limitations were enforceable, the limitation would not apply to David Camacho III and Braulio Sarmiento, both of whom are minors. Pursuant to R.C. 2305.16, contract statute of limitations claims are tolled during a claimant's minority. Grange argues that shortly after the accident, the minors were represented by counsel and, therefore, the tolling provisions do not apply.
 {¶ 24} We find no compelling authority for the proposition that an appointment of guardian ad litem or presence of a representative somehow eliminates the tolling provisions of R.C. 2305.16. Such an exclusion is not found within the Ohio Revised Code. Had the legislature intended such an exclusion, it would have provided the same.
 {¶ 25} Pursuant to R.C. 2305.16, we find that the Policy limitation does not apply towards David Camacho III or Braulio Sarmiento. The trial court's decision regarding the minors is reversed.
 IV {¶ 26} In conclusion, appellants' sole assignment of error is sustained and the decision of the trial court is affirmed in part, reversed in part, and remanded. The claims of David Camacho III and Braulio Sarmiento, both of whom are minors, remain valid.
 {¶ 27} This cause is affirmed in part, reversed in part, and remanded to the lower court for further proceedings consistent with this opinion.
It is ordered that appellants and appellee share their costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Colleen Conway Cooney, P.J. Concurs;
Sean C. Gallagher, J. Dissents.
[1] "The rights and duties of the parties with respect to an issue in contract are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the transaction and the parties." Misseldine v. Progressive Cas. Ins. Co., Cuyahoga App. No. 81770, 2003-Ohio-1359.
[2] The public policy concern is that an insured would not be placed in the same position with regard to the recovery of damages that she would have enjoyed had the tortfeasor been insured.