{¶ 28} I respectfully dissent from the holding of the majority that Grange's two-year policy limitation is reasonable and therefore enforceable. I do not believe it takes a broad reading of Miller to conclude that, under these facts, the two-year period is unenforceable and void under Ohio law.
 {¶ 29} Miller found the one-year contractual limitation unenforceable because the time limitation was inconsistent with the tort remedy. The court stated: "In Alexander, we held that: `An automobile insurance policy may not eliminate or reduce uninsured or underinsured motorist coverage, required by R.C. 3937.18, to persons injured in a motor vehicle accident, where the claim or claims of such persons arise from causes of action that are recognized by Ohio tort law.' Contrary toAlexander and the purposes of R.C. 3937.18, that is precisely what the time-limitation provision in the policy issued by appellee sought to do. Accordingly, the provision must fail." Miller v. Progressive (1994),69 Ohio St.3d 619.
 {¶ 30} The majority relies upon the analysis in Miller that indicated a two-year period would be a reasonable amount of time to commence an action for uninsured or underinsured motorist benefits.Miller, however, involved Ohio's two-year statute of limitations for commencing an action against a tortfeasor. Id. The court recognized that the time limitation in the policy provided less time to recover benefits for injuries the insured suffered at the hands of the tortfeasor than would have been enjoyed had the tortfeasor been insured. Id. The court emphasized that the effect of the policy provision was to deprive coverage required by R.C. 3937.18. Id. Because the one-year limitation in the contract had the effect of eliminating or reducing this coverage, the court found this provision failed. Id.
 {¶ 31} While the New Mexico three-year statute of limitations is longer than Ohio law, its practical effect cannot be ignored by a claim that the contractual relationship is exclusively governed by Ohio contract law. The public policy purpose behind uninsured and underinsured motorist coverage under R.C. 3937.18 is to supplement the tort action, not separate it from the underlying action. Ohio contract law can certainly apply, but it cannot be used as an impediment to recovery under a valid uninsured or underinsured motorist claim.
 {¶ 32} I would reverse the decision of the trial court and find the two-year limitation period imposed under the contract unenforceable and void under Ohio law.