DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal of the judgment of the Lucas County Court of Common Pleas which granted appellee, State Farm Mutual Automobile Insurance Company, ("State Farm"), summary judgment against appellant, Linda S. Brinkman. For the reasons set forth below, the judgment of the trial court is affirmed.
 {¶ 2} On appeal, appellant sets forth two assignments of error:
 {¶ 3} "I. The trial court erred in failing to determine that the State Farm policy's contractual limitations provision `under uninsured motorist vehicle coverage, any arbitration or suit will be barred unless commenced within two years of the date of the accident' when combined with its section III UM vehicle coverage provision. `There is no liability coverage until the limits of all bodily injury bonds and policies that apply have been exhausted' was ambiguous and unenforceable for an underinsured motorist claim of a State Farm insured who brought suit against the tortfeasor and got judgment two and one-half years after the accident, and exhausted the tortfeasor's policy, and erred in granting State Farm's summary judgment on her contract and bad faith claims.
 {¶ 4} "II. The trial court erred in failing to determine that Ohio public policy as found in R.C. 2305.06 providing a fifteen year statute of limitations on contracts applies unless an insurance policy by clear and unambiguous terms provides for a shorter period."
 {¶ 5} The following undisputed facts are relevant to the issues raised on appeal. Appellant was involved in a motor vehicle accident with tortfeasor, Kelly Bunce, on April 11, 1989. Appellant filed suit solely against the tortfeasor in Lucas County Common Pleas Court. In 1992, appellant's case against tortfeasor went to jury trial. On October 5, 1992, the jury awarded judgment to appellant in the amount of $123,292. Following the 1992 trial court judgment, the tortfeasor's liability carrier tendered its policy limits of $100,000 to appellant. On October 22, 1992, appellant notified her carrier, State Farm, of the excess judgment.
 {¶ 6} Appellant inquired about the feasibility of obtaining the excess judgment via her State Farm coverage. State Farm advised appellant that it did not anticipate difficulty in covering the excess judgment. State Farm informed appellant that she would need to assign State Farm her remaining rights of recovery and/or subrogation against tortfeasor. Appellant refused to cooperate in any assignment of rights involving tortfeasor. Appellant informed State Farm that she had "promised" tortfeasor's attorney that she would not "go after" tortfeasor for the excess amount following the primary carrier's $100,000 payment of policy limits to appellant. Following this 1992 impasse between State Farm and appellant, the sole pending legal action arising from the 1989 accident was concluded.
 {¶ 7} On June 27, 2004, appellant attempted to revive legal claims against State Farm arising from her 1989 accident. On June 27, 2004, appellant filed suit against State Farm seeking underinsured coverage for the 1989 collision. State Farm responded that any and all claims against it arising from the 1989 accident had long since become time barred. On October 12, 2004, State Farm filed for summary judgment. On February 3, 2005, appellant filed a memorandum in opposition. State Farm replied in support of its motion for summary judgment on March 1, 2005. The trial court granted summary judgment to State Farm on June 17, 2005. Appellant filed a timely notice of appeal.
 {¶ 8} In her first assignment of error, appellant asserts the trial court erred in finding the two-year statute of limitations provision in which to file an underinsured claim in the State Farm policy valid and enforceable. Appellant contends the trial court erred in granting summary judgment to State Farm on her contractual and bad faith claims.
 {¶ 9} In support of this assignment, appellant claims several controlling provisions in the underlying policy are ambiguous and unenforceable. Appellant offers no plausible or compelling explanation for the twelve-year period of time elapsed between her initial exploration of the UM claim in 1992, and her 2004 suit against State Farm. Appellant's untimely remorse of the consequences of her adherence to an informal "gentleman's agreement" with the tortfeasor cannot serve as a legal basis to invalidate or extend the two-year statute of limitations contained in her State Farm policy.
 {¶ 10} An appellate court must employ a de novo standard of review of the trial court's summary judgment decision, applying the same standard used at the trial court. Lorain Natl. Bank v.Saratoga Apts. (1989), 61 Ohio App.3d 127, 129; Grafton v. OhioEdison Co. (1996), 77 Ohio St.3d 102, 105. Summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). In order to ascertain the veracity of appellant's first assignment of error, we must review the disputed policy language and determine whether it is valid and enforceable.
 {¶ 11} Appellant's State Farm policy sets forth in its "conditions" a provision stating in relevant part, "there is no right of action against us * * * underinsured motorist vehicle coverage unless such action is commenced within two years after the date of the accident." The policy further states, "any arbitration or suit against us will be barred unless commenced within two years after the date of the accident." Appellant asserts these provisions are ambiguous and unenforceable when read in conjunction with the exhaustion of remedies clause. The exhaustion of remedies clause in the policy stated, "there is no liability coverage until the limits of liability of all bodily injury bonds and policies that apply have been exhausted." Simply put, the State Farm policy provided no potential underinsured motorist coverage until the tortfeasor's liability limits were exhausted. The tortfeasor's liability limits were exhausted when they were tendered in full and accepted by appellant in 1992. Appellant filed suit against State Farm in 2004.
 {¶ 12} The Supreme Court of Ohio has long upheld the plain language doctrine of contract interpretation. When courts interpret the meaning of disputed contractual provisions, they must presume the intent of the parties is reflected in the language drafted into the agreement. Kelly v. Medical Life Ins.Co. (1987), 31 Ohio St.3d 130, paragraph one of the syllabus. Courts may not exceed the plain language of an agreement when it is clear and unambiguous. Id. at 132. Thus, Ohio courts have long upheld the fundamental principle of freedom to contract and rely upon enforcement of contracted terms. Blount v. Smith (1967),12 Ohio St.2d 41, 47. We find the disputed language of the State Farm policy clear and unambiguous. First, the policy requires appellant to exhaust the tortfeasor's liability limits prior to eligibility for underinsured motorist coverage. Second, the policy sets a two-year contractual time limitation in which to proceed with any such underinsured motorist claim. Whether the filing period expired two years from the 1989 accident or two years from the 1992 maximum payment from the primary carrier, it expired many years before the 2004 suit was filed.
 {¶ 13} Controlling Supreme Court of Ohio case law has explicitly upheld the enforceability of a two-year contractual time period in which to commence an action for benefits under an underinsured motorist provision such as the one under review in this case. In Miller v. Progressive Cas. Ins. Co. (1994),69 Ohio St.3d 619, the Supreme Court succinctly held, "a two-year period, such as that provided for bodily injury actions in R.C.2305.10, would be a reasonable and appropriate period of time for an insured who has suffered bodily injuries to commence an action or proceeding for payment of benefits under the uninsured or underinsured motorist provision of an insurance policy." That is the precise scenario we are reviewing in this case. In conformity with Miller, the Eighth Appellate District has specifically upheld the enforceability of State Farm's two-year contractual time limitation. In Veloski v. State Farm Mut. Ins. Co. (1998),130 Ohio App.3d 27, the court stated in relevant part, "the contract limitation of two years on uninsured motorist claims, even when the uninsured motorist is unidentified, does not violate Ohio policy." The two-year contractual period has been found enforceable even in cases where the tortfeasor was not identified.
 {¶ 14} We find the State Farm policy provisions on underinsured motorist coverage claims, exhaustion of remedies requirements, and two-year contractual time periods in which to pursue claims, to be clear and unambiguous. The two-year contractual period contained in the State Farm policy in which to file an underinsured motorist claim is valid and enforceable. Whether that two-year period began to run at the time of the accident or at the time the tortfeasor's liability policy limits were exhausted, it expired many years prior to the 2004 commencement of this action. The policy does not lead to contradictory or ambiguous results so as to warrant judicial interference with the policy terms. Appellant's first assignment of error is found not well-taken.
 {¶ 15} In her second assignment of error, appellant asserts the trial court erred in its interpretation and application of R.C. 2305.06, which addresses the statute of limitations for contracts. R.C. 2305.06 is only within the proper purview of this court in the event we find it is not superceded by a valid contractual based time limitation. As found above, the contractual time provisions are valid and enforceable in this case. Arguments rooted in R.C. 2305.06 are moot. Appellant's second assignment of error is found not well-taken.
 {¶ 16} The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of the is appeal pursuant to App.R. 24. Judgment for the clerk's expense and preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J. William J. Skow, J. Dennis M. Parish,J. concur.