OPINION
{¶ 1} Plaintiff-Appellant, Holli R. Harold, appeals the decision of the Warren County Court of Common Pleas granting summary judgment in favor of defendants-appellees, Motorists Mutual Insurance Company ("Motorists"), Nationwide Mutual Insurance Company *Page 2 
("Nationwide"), and State Farm Mutual Automobile Insurance Company ("State Farm") (collectively "appellees").
 {¶ 2} This cause of action arose from an automobile accident that took place on October 20, 2001, in Bartow County, Georgia. Appellant was a passenger in a vehicle driven by Sheila Bray. According to appellant's deposition testimony, she was sleeping at the time of the accident and does not know how the accident occurred. Appellant alleges that the other vehicle involved in the accident, a semi truck, left the scene. Appellant cannot identify the driver of the semi truck, but claims that the semi truck and vehicle in which she was riding made contact with one another. Kelly DeLong, another passenger in the vehicle with appellant, was "dozing" at the time of the accident. She also did not see the semi truck before the accident, and could not say whether the car in which they were riding went into the path of the truck or whether the truck hit the rear of the car. Appellant originally filed a personal injury lawsuit on October 20, 2003, against Sheila and Delores Bray.[1]
Appellant also asserts that she named "John Doe," the alleged, unknown semi truck driver who drove away from the scene of the accident, as a party to the original lawsuit. On May 10, 2004, Sheila and Delores Bray filed a motion for summary judgment. Appellant never responded to the motion, but dismissed the case without prejudice on June 29, 2004.
 {¶ 3} On July 22, 2005, appellant filed an Amended Complaint naming Motorists, State Farm, Nationwide, and "John Doe" as defendants. Motorists insured Delores Bray, Nationwide was Sheila Bray's insurer, and State Farm insured appellant. Each of the insurance companies moved for summary judgment. Appellant dismissed her claims against the insurance companies, leaving "John Doe" as the remaining defendant.
 {¶ 4} In April 2006, appellant proceeded to a bench trial before a magistrate on her *Page 3 
action against "John Doe." Despite the fact that "John Doe's" true identity was never learned and service was never perfected[2] an entry granting judgment against him in the amount of $250,000 was entered on July 27, 2006.
 {¶ 5} On September 12, 2006, appellant re-filed her claims against Motorists, State Farm and Nationwide, alleging that she obtained a judgment against "John Doe" in the amount of $250,000, and that as a result of that judgment and the injuries and damages allegedly incurred as a result of the October 20, 2001 motor vehicle accident, she is entitled to uninsured motorist coverage from appellees. All three insurance companies filed motions for summary judgment in October 2006.
 {¶ 6} Appellant filed a motion for continuance and extension of time to respond to the motions for summary judgment. The court granted her request and ordered appellant's response to the pending motions be filed by December 26, 2006 at 11:30 a.m.
 {¶ 7} On December 28, 2006, the trial court issued two decisions and partial entries of dismissal, granting summary judgment in favor of State Farm and Nationwide. Later that same day, appellant filed a memorandum in opposition to appellees' motions for summary judgment and an affidavit of appellant in opposition to appellees' motions.
 {¶ 8} On January 5, 2007, appellant filed a motion to reconsider and to set aside the trial court's decisions and partial entries of dismissal. On January 7, 2007, the trial court issued a "Judgment Entry of Dismissal and Final Appealable Order," in which the court denied appellant's motion for reconsideration, granted summary judgment in favor of Motorists, and dismissed the claims against Motorists. Consequently, the court dismissed appellant's complaint, as all of her claims had been "resolved against her." Appellant timely appeals, *Page 4 
asserting the following assignment of error:
 {¶ 9} Assignment of Error No. 1:
 {¶ 10} "THE TRIAL COURT COMMITTED REVERSIBLE ERROR TO THE PREJUDICE OF THE APPELLANT WHEN IT GRANTED SUMMARY JUDGMENT IN FAVOR OF EACH OF THE DEFENDANTS/APPELLEES."
 {¶ 11} This court conducts a de novo review of a trial court's decision on summary judgment. Burgess v. Tackas (1998),125 Ohio App.3d 294, 296. In applying the de novo standard, we review the trial court's decision independently and without deference to the trial court's determination. White v. DePuy (1998), 129 Ohio App.3d 472, 478. A court may grant summary judgment only when: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence submitted that reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, who is entitled to have the evidence construed most strongly in his favor. Civ.R. 56(C); Welco Indus., Inc.v. Applied Cos., 67 Ohio St.3d 344, 346, 1993-Ohio-191.
 {¶ 12} In its entries granting summary judgment in favor of Nationwide and State Farm, the trial court found that "upon reviewing the evidentiary material submitted in support of the motion, there being nothing presented in opposition, [* * *] there exists no issue of material fact and that movant is entitled to judgment as prayed for." Likewise, in its order granting summary judgment in favor of Motorists, the court held that "[Motorists'] Motion for Summary Judgment has not been timely responded to and the court finds it well taken." The trial court did not provide an analysis containing the basis or bases upon which it granted summary judgment.
 {¶ 13} In their motions for summary judgment before the trial court, appellees presented several different legal arguments as to why summary judgment should be granted, *Page 5 
including the argument that appellant failed to commence the action within the contracts' applicable statutes of limitations. Upon independently reviewing the record, we find that summary judgment was properly granted on the basis that appellant failed to commence her action against the insurance companies within two years of the date of the automobile accident as prescribed by each contract of insurance.
 {¶ 14} Pursuant to Ohio law, an insurance company can enforce the terms and conditions of the insurance contract. R.C. 3937.18; Miller v.Progressive Cas. Ins. Co., 69 Ohio St.3d619, 1994-Ohio-160. A two-year contractual limitation for commencing an action or proceeding for uninsured motorist coverage benefits is reasonable as a matter of law.Miller, at 624-625; see, also, Sarmiento v. Grange, 106 Ohio St.3d 403,2005-Ohio-5410 (Ohio Supreme Court upheld summary judgment where lawsuit was not filed within two years of the automobile accident, as required by the insurance policy); Veloski v. State Farm Mut. Auto. Ins. Co.
(1998), 130 Ohio App.3d 27 (uninsured motorist coverage two-year limitation upheld even as applied to an insured who could not identify the uninsured motorist, because the identity of the motorist was not necessary to bring a contractual uninsured motorist claim).
 {¶ 15} Appellees' insurance policies each contain a similar clause that limits an insured to filing an uninsured motorist coverage claim within two years: Nationwide's provision is found under "9. Legal Action Limitations," State Farm's policy contains the condition under "Amendatory Endorsement 6935, Section III — Uninsured Motor Vehicle-Coverage U* * *," and Motorists' two-year limitation is found under its "Statute of Limitations" section.
 {¶ 16} Appellees each argue that appellant filed her first action against them on July 22, 2005, more than three years after the date of the accident, and therefore more than a year past the two-year limitation provision contained in each policy. As discussed above, appellees presented evidence to support the claim that the complaint was filed beyond the limitations period contained in their respective policies, meeting their initial burden to establish *Page 6 
summary judgment in their favor.
 {¶ 17} Once the moving parties demonstrate an absence of genuine issue of material fact on essential elements of the nonmoving party's claims, the nonmoving party has a reciprocal burden to set forth specific facts showing there is a genuine issue for trial. Dresher v. Burt,75 Ohio St.3d 280, 1996-Ohio-107. In this case, appellant failed to timely respond to appellees' motions for summary judgment, thereby setting forth no genuine issues for trial.
 {¶ 18} In construing the evidence most strongly in favor of appellant, we find that the trial court correctly granted summary judgment in favor of appellees, as each set forth affirmative evidence to show that reasonable minds can only conclude that appellant failed to file her action for uninsured motorist benefits within the reasonable two-year time limitation set forth as a condition precedent in each insurance policy.
 {¶ 19} Appellant's sole assignment of error is overruled.
 {¶ 20} Judgment affirmed.
YOUNG, P.J., and BRESSLER, J., concur.
[1] Delores Bray was the owner of the vehicle driven by Sheila Bray.
[2] Civ.R. 15 read in conjunction with Civ.R. 3(A) permits a plaintiff to use a fictional identity for a defendant, but the rules require a plaintiff to obtain the true identity and personally serve that defendant within a year of filing the suit. *Page 1