DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Allstate Insurance Co., appeals from the judgments of the Summit County Court of Common Pleas denying its summary judgment motion, granting final judgment against it and awarding prejudgment interest and costs. This Court affirms in part and reverses in part.
 I. {¶ 2} On August 31, 2000, Brent Welsh caused an automobile collision with Appellee, William Mowery, in Coventry Township, Ohio. Mr. Mowery suffered several injuries including injuries to his shoulder, left arm and left elbow. Mr. Mowery's physician, Dr. Arne Melby, diagnosed him as suffering from chronic "tennis elbow" as a result of the collision. At the time of the accident, Appellees, Mr. and Mrs. Mowery, were covered under an Allstate Auto Insurance ("Allstate") policy.
 {¶ 3} Appellees filed their original complaint against Mr. Welsh on August 20, 2002. During the course of discovery, Mr. Mowery remained under the active care and treatment of Dr. Melby for injuries he sustained in the accident. After several months of treatment failed to resolve Mr. Mowery's elbow condition, Dr. Melby issued an expert report on June 4, 2003 wherein he opined that the necessity of surgery was greater than seventy percent, and provided an estimate of the costs associated therewith. In light of the costs associated with the elbow surgery, Appellees realized that Mr. Welsh's liability limit of $12,500.00 would be insufficient to compensate them and an underinsured motorist ("UIM") claim[1] would arise.
 {¶ 4} On September 17, 2003, Appellees filed a motion for leave to file their first amended complaint instanter. The trial court granted the motion and Appellees filed their first amended complaint on October 3, 2003. Appellees' amended complaint included an UIM claim against Appellant, Allstate.
 {¶ 5} On October 23, 2003, a mediation was held between Appellees and Mr. Welsh wherein the parties settled their claims for $12,500.00, the full extent of Mr. Welsh's liability limits. Notably, Appellees provided full notice to Appellant before consenting to the settlement.
 {¶ 6} On April 1, 2004, Appellant filed a motion for summary judgment on the grounds that the Allstate policy dictated that any legal action against Allstate be brought within two years of the date of the accident and that, because Appellees failed to commence their action within this period, their claim was time barred. The trial court denied the motion and the case proceeded to trial before a jury. On July 1, 2005, the jury returned a verdict of $32,000.00 to Mr. Mowery for his injuries and $2,000.00 to Mrs. Mowery for her loss of consortium. Appellees filed motions to tax costs and for prejudgment interest on July 7, 2005. Appellant then filed a brief in opposition thereto as well as a motion asking that the gross verdict of $34,000.00 be reduced by the $12,500.00 Appellees already received from Mr. Welsh. The trial court granted Appellant's motion for set-off. Thereafter, the trial court entered judgment on the aggregate verdict of $34,000.00 and then awarded prejudgment interest on this sum. The trial court then ordered that $12,500.00 be subtracted from the total sum. The trial court granted a portion of Appellees' motion to tax costs. Both the underlying judgment and the separate order granting interest and costs were filed on July 25, 2005.
 {¶ 7} Appellant timely appealed from the trial court orders (1) denying its motion for summary judgment entered on September 8, 2004, (2) granting final judgment against it on July 25, 2005 and (3) awarding prejudgment interest and costs on July 25, 2005.
 II. ASSIGNMENT OF ERROR I
"THE TRIAL COURT ERRED IN FAILING TO AWARD SUMMARY JUDGMENT TO [APPELLANT] BASED ON [APPELLEES'] FAILURE TO TIMELY COMMENCE THIS ACTION."
 {¶ 8} In its first assignment of error, Appellant contends that the trial court erred in denying its motion for summary judgment. Appellant's argument rests on the theory that Appellees' UIM claim was time barred because it was not brought within two years of the date of the accident as required under Appellant's policy with Appellees. We disagree.
 {¶ 9} Appellate review of a denial of a summary judgment motion is de novo. Helton v. Scioto Cty. Bd. of Commrs. (1997),123 Ohio App.3d 158, 162. We apply the same standard as the trial court, viewing the facts of the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983),13 Ohio App.3d 7, 12.
 {¶ 10} Pursuant to Civil Rule 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 11} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. Dresher v. Burt (1996),75 Ohio St.3d 280, 292-93. Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). Id. Once this burden is satisfied, the non-moving party bears the burden of offering specific facts to show a genuine issue for trial. Id. The non-moving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact. Henkle v. Henkle (1991), 75 Ohio App.3d 732,735.
 {¶ 12} The Ohio Supreme Court has held that "an action by an insured against an insurance carrier for payment of UM or UIM benefits is a cause of action sounding in contract." Miller v.Progressive Cas. Ins. Co. (1994), 69 Ohio St.3d 619, 624. Under R.C. 2305.06, the statute of limitations for an action on a written contract is fifteen years. Id. In Miller, the Ohio Supreme Court reaffirmed the principle that
"`in the absence of a controlling statute to the contrary, a provision in a contract may validly limit, as between the parties, the time for bringing an action on such contract to a period less than that prescribed in a general statute of limitations provided that the shorter period shall be a reasonable one.'" Id. at 624, quoting Colvin v. Globe Am. Cas.Co. (1982), 69 Ohio St.2d 293, 295, overruled on other grounds.
Therefore, case law authorizes insurers, such as Appellant, to reduce the statutory 15-year statute of limitations applicable to contract actions so long as the limitations period is reasonable. Id.
 {¶ 13} The threshold question presented by this appeal concerns the extent to which the amendment of the pleadings to add Appellant as a party relates back to the date of the original filing. Appellant claims that the trial court erred in granting summary judgment in favor of Appellees because Appellees' first amended complaint did not relate back to the filing of the original complaint. However, as we find that the trial court correctly determined that the statute of limitations provision is unenforceable, the relation back of Appellees' amended complaint to the original date of filing is of no consequence. The default statute of limitations on a contract action is fifteen years and Appellees' action was clearly filed within this time frame. See R.C. 2305.06.
 {¶ 14} The statute of limitations provision at issue in this matter is entitled "Legal Action" and provides:
"Any legal action against Allstate must be brought within two years of the date of the accident. No one may sue us under this coverage unless there is full compliance with all the policy terms and conditions." (Emphasis omitted.)
Appellant contends that, under Miller, the two-year time limitation is reasonable and bars Appellees' UIM claim because it was not filed within two years of the August 31, 2000 accident. Appellant relies on dictum from Miller, in which the Ohio Supreme Court determined that a two-year time limitation on UIM claims would not violate public policy. Miller,69 Ohio St.3d at 624-25.
 {¶ 15} Appellees maintain that this dictum from Miller must be read in light of the Supreme Court's pronouncement that a contractual limitation period that dilutes or eliminates the rights of the insured to UIM coverage is void and unenforceable. Id. at 624-625. Appellees contend that Appellant's interpretation of the provision would impermissibly bar their claim for UIM coverage by establishing a time frame under which their claim would expire before their claim for UIM benefits arose. Appellees assert that they did not recognize the need to file an UIM claim until June of 2003 when Dr. Melby prepared his expert witness report. At that time, Appellees realized that Mr. Welsh's liability limits would be inadequate, and that a UIM claim would arise.
 {¶ 16} Appellees cite Kraly v. Vannewkirk (1994),69 Ohio St.3d 627 in support of their position. In Kraly, the insureds initially sued only the tortfeasor. During the course of discovery, the insureds learned that the tortfeasor's insurer had been declared insolvent. Thereafter, the insureds amended their complaint to assert a claim against their own insurer for UM coverage. The trial court found that their claim was barred because it fell outside the policy's limitation period. The Supreme Court reversed, finding the limitations provision unenforceable. In so finding, the court held that a provision in an insurance agreement that attempts to extinguish a UM claim by creating a time limitation that terminates either before or shortly after a right of action arises is per se unreasonable and violates public policy. Id. at 635.
 {¶ 17} Appellant attempts to distinguish Kraly on the basis that it involved an UM claim whereas the within matter involves an UIM claim. Appellant also notes that the Supreme Court subsequently limited Kraly to its facts, stating: "Kraly
unarguably involved a unique factual situation, and this court accordingly fashioned a remedy based upon concepts of fairness and public policy." Ross v. Farmers Ins. Group of Cos. (1998),82 Ohio St.3d 281, 287.
 {¶ 18} While we agree with Appellant's argument that the Supreme Court limited Kraly to its factual situation, we are mindful of the role that public policy played in the Supreme Court's decision to invalidate the provision. The same public policy considerations compel our decision in the instant case. Moreover, we disagree with Appellant's argument regarding the distinction between UM and UIM claims.[2] In Miller, the Supreme Court specifically held that its determinations regarding UM coverage are equally applicable to UIM coverage:
"Our determination with respect to the validity of a contractual time-limitation provision for uninsured motorist coverage applies with equal force to the validity of a limitations provision affecting underinsured motorist coverage. Whether a case involves uninsured or underinsured coverage, the central question concerning the validity of a contractual period of limitations remains the same: Does the public policy embodied in R.C. 3937.18 prohibit provisions in an insurance contract which limit the period within which an insured must initiate an action or proceeding for payment of uninsured or underinsured motorist benefits to a period of one year? We answer this question in the affirmative." Miller, 69 Ohio St.3d at 624.
 {¶ 19} Appellees also rely on Kurtz v. Wayne Mutual Ins.Co. (Nov. 29, 1999), 5th Dist. No. 99CA24, to support their contention that the two-year limitations period is unreasonable and violates public policy. In Kurtz, the Fifth District Court of Appeals affirmed a trial court decision finding the insurer liable for UIM coverage. As in the instant matter, the appellant in Kurtz argued that the appellee's UIM claim was barred because the insurance policy required the appellee to commence legal action within two years of the accident and the UIM claim was filed beyond that time frame. The appellate court affirmed, holding that "[a] cause of action for UIM coverage occurs, not on the date the accident occurs, but when the tortfeasor's policy limits are exhausted." Id. at *3.
 {¶ 20} Appellees find additional support for their argument in Kuhner v. Erie Ins. Co. (1994), 98 Ohio App.3d 692. Kuhner
is a factually similar matter involving an insurance provision that required an insured to initiate legal action within two years of an accident. As in this matter, the trial court inKuhner held that the two-year limitations period did not bar the insured's action for UIM benefits which was commenced within two years of exhaustion of the tortfeasor's policy limits. The court reasoned that the two-year limitation period could not commence prior to accrual of the right of action for UIM benefits and that it was therefore unenforceable. Id. at 697-98.
 {¶ 21} In addition, both Kuhner and the within matter involve a policy provision that provides that the insurer will not be obligated to pay any amount under UIM coverage until all other applicable insurance has been exhausted by payment of the policy limits. Appellant's provision provides:
"We are not obligated to make any payment for bodily injury * * * until after the limits of liability for all liability protection in effect and applicable at the time of the accident have been fully and completely exhausted by payment of judgments or settlements."
The Tenth District Court of Appeals interpreted this type of provision as creating "no obligation of [the insurer] under the underinsured motorist coverage until all other insurance is exhausted." Id. at 698. With regard to this provision, the court further explained:
"Since R.C. 2305.10 provides for two years in which to commence the action against the tortfeasor, it is unrealistic to assume that that action would be concluded within a very short period after commencement of the action; therefore, very little, if any, time to exhaust policy limits will be afforded for commencing an action or arbitration proceedings subsequent to exhaustion of the tortfeasor's policy limits. Rather, it is unlikely that the limits of the other polices will be exhausted within two years of the accident." Id.
 {¶ 22} This is exactly what happened in this matter as the two-year contractual limitations period expired prior to the exhaustion of the tortfeasor's policy limits. Given the particular facts of this case, it is unreasonable to require the insured to exhaust these limits within two years of an accident.
 {¶ 23} Appellant additionally contends that the decision of the Ohio Supreme Court in Sarmiento v. Grange Mut. Cas. Co.,106 Ohio St.3d 403, 2005-Ohio-5410, supports its position. InSarmiento, the insured suffered bodily injury in New Mexico as the result of an uninsured motorist. The insured brought an action to recover UM benefits after expiration of the contractual limitations period but before expiration of the New Mexico statute of limitations. Upon review, the Ohio Supreme Court held that the insurer's provision requiring its insureds to commence a suit for UM coverage within two years of an accident was reasonable and enforceable. Id. at ¶ 20.
 {¶ 24} Appellant fails to address the significant difference between the policy involved in Sarmiento and the policy at issue in this matter. In contrast to the policy herein, the policy at issue in Sarmiento included the following provision applicable to UM/UIM coverage:
"Any arbitration or suit against us will be barred unless commenced within 2 years (TWO YEARS) from the date of the accident or 1 year (ONE YEAR) after the date you were aware or should have been aware, of a claim for which coverage would apply whichever is later." (Emphasis added.) Id. at ¶ 10.
Under the Sarmiento provision, hypothetically, an insured who did not become aware of his UM/UIM claim until three years after the date of the accident would not be barred from commencing an action for UM/UIM coverage within one year from the date he became aware of the claim. The Supreme Court's decision that this provision was reasonable must, therefore, be considered in light of the fact that Appellees' claim would have been timely filed under this policy. Sarmiento is also distinguishable in that the parties do not dispute that the insured was aware that she had a UM claim within two years from the date of the accident. In contrast, Appellees were not aware of the UIM claim until June 2003.
 {¶ 25} Upon review of the facts, case law and public policy, we find that the trial court properly denied Appellant's motion for summary judgment. With regard to UM/UIM coverage, "[a]ny contractual restriction on the coverage mandated by R.C. 3937.18
must comply with the purpose of this statute." Ady v. W. Am.Ins. Co. (1982), 69 Ohio St.2d 593, syllabus. We are mindful that the purpose of R.C. 3937.18 is to
"provide underinsured motorist coverage for injured persons who have a legal cause of action against the tortfeasor but who are under compensated for their injuries because the tortfeasor's liability coverage is insufficient to provide full compensation."Miller, 69 Ohio St.3d at 623.
To permit Appellant to prevail on this claim would enable it to impermissibly restrict an insured's right to assert a claim for UIM benefits. Such a result would clearly contravene the purpose of R.C. 3937.18 by thwarting an insured's ability to obtain UIM coverage. Through this pronouncement, we are not suggesting that a two-year statute of limitations is per se unreasonable, but instead find that under the provisions of the insurance agreement and facts presented herein it was inequitable to enforce the statute of limitations provision. Appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II
"THE TRIAL COURT ERRED IN FAILING TO REDUCE THE JURY VERDICT BY THE AMOUNT [APPELLEES] RECEIVED FROM [MR. WELSH'S] INSURANCE BEFORE THE TRIAL COURT ENTERED JUDGMENT."
 ASSIGNMENT OF ERROR III
"THE TRIAL COURT ERRED IN AWARDING INTEREST UPON A SUM THAT WAS NOT `DUE AND PAYABLE' UNDER R.C. 1343.03(A)."
 {¶ 26} In its second and third assignments of error Appellant contends that the trial court committed reversible error by calculating prejudgment interest on the gross jury verdict before reducing the verdict by the $12,500.00 Appellees received from Mr. Welsh before the trial court entered judgment. We agree.
 {¶ 27} The determination to award prejudgment interest rests within the trial court's sound discretion. Scioto Mem. Hosp.Assn., Inc. v. Price Waterhouse (1996), 74 Ohio St.3d 474, 479. Absent a clear abuse of that discretion, the lower court's decision in the matter should not be reversed. Mobberly v.Hendricks (1994), 98 Ohio App.3d 839, 845. An abuse of discretion is more than an error of judgment, but instead connotes "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 28} The Ohio Supreme Court has held that claims arising out of UM/UIM insurance policies are contractual claims subject to prejudgment interest under R.C. 1343.03(A). Landis v. GrangeMut. Ins. Co. (1998), 82 Ohio St.3d 339, 340. Under R.C.1343.03(A), "when money becomes due and payable upon any * * * instrument of writing * * * and upon all judgments * * * for the payment of money arising out of tortious conduct or a contract or other transaction * * * a creditor is entitled to interest at the rate per annum determined pursuant to section 5703.47 of the Revised Code[.]" Consequently, interest accrues from the time the amount becomes "due and payable." Landis, 82 Ohio St.3d at 340.
 {¶ 29} Under R.C. 1343.03(C)(1)(c), the court may calculate prejudgment interest in this matter from the longer of the following time periods:
"(i) From the date on which the party to whom the money is to be paid gave the first notice described in division (C)(1)(c)(i) of this section to the date on which the judgment, order, or decree was rendered. * * *.
"(ii) From the date on which the party to whom the money is to be paid filed the pleading on which the judgment, decree, or order was based to the date on which the judgment, decree, or order was rendered."
In the instant case, the trial court found that October 3, 2003, the date on which Appellees amended their complaint to assert a cause of action against Appellant, was the first date from which Appellant could be charged with having notice that a cause of action had accrued.
 {¶ 30} Appellant does not contest the court's decision to award prejudgment interest or the date from which the interest should be calculated, but rather contests the amount upon which the prejudgment interest award was calculated. Appellant contends that the trial court should have reduced the judgment by the $12,500.00 Appellees received from Mr. Welsh before calculating the prejudgment interest award. He contends that the court should have calculated the prejudgment interest on the $21,500.00 ($34,000.00 minus $12,500.00) that was due and payable.
 {¶ 31} In contrast, Appellees argue that Appellant's view of the prejudgment interest calculation would lower the verdict amount upon which the interest is calculated and thereby dilute the interest award. They contend that such a calculation would not fully compensate them for their loss.
 {¶ 32} Here, the Limits of Liability section of the parties' insurance agreement specifically provides for set-off of the amount payable to the insured by the amount the insured received from the tortfeasor. This section provides in pertinent part:
"Any amount payable to or for an insured person * * * under this coverage will be reduced by all amounts paid by the owner or operator of the underinsured auto or anyone else legally responsible."
 {¶ 33} The trial court granted Appellant's motion to set-off the $34,000.00 jury verdict by the $12,500.00 Appellee received from Mr. Welsh's insurance company. In so deciding, the trial court determined that $21,500.00 was the amount "due and payable." However, after granting the motion for set-off, the court entered judgment on the entire amount of the verdict and thereafter granted prejudgment interest on this amount as well. In light of its decision to grant the motion for set-off, the trial court erred in entering judgment on the $34,000.00.
 {¶ 34} By awarding prejudgment interest on the $34,000.00 jury verdict, the trial court awarded interest on the $12,500.00 Appellant received from Mr. Walsh in October 2003, which was not "due and payable" in July 2005. "The purpose of the prejudgment interest award in the context of a claim sounding in contract is to compensate the aggrieved party and to make them whole." Smithv. Motorists Mut. Ins. Co., 3d Dist. No. 8-02-17, 2002-Ohio-6259, at ¶ 8. Appellees had the benefit of the $12,500.00 when they received this amount from Mr. Welsh in October 2003. The trial court's decision to award prejudgment interest on this additional $12,500.00 creates a windfall for Appellee which awards them more money that necessary to "make them whole." Id.
 {¶ 35} R.C. 1343.03(A) provides that prejudgment interest is awarded on the basis of judgments not verdicts. Therefore, the trial court should have awarded prejudgment interest on $21,500.00 as this equals the jury's verdict after set-off, and thus constituted the judgment amount. In light of the trial court's contradictory decisions to (1) reduce the jury's $34,000.00 verdict by the $12,500.00 Appellee received from Mr. Welsh and (2) award prejudgment interest on the entire $34,000.00, we find that the trial court's action in awarding prejudgment interest on this additional amount constitutes an arbitrary and unreasonable decision warranting reversal.
 III. {¶ 36} Appellant's first assignment of error is overruled. Appellant's second and third assignments of error are sustained. The judgment of the Summit County Court of Common Pleas is affirmed in part and reversed in part and the cause remanded for further proceedings consistent with this opinion.
Judgment affirmed in part, reversed in part, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30. Costs taxed to both parties equally.
Whitmore, P.J. Boyle, J. concur.
[1] "Uninsured motorist" claims will be abbreviated as "UM".
[2] Notably, Miller and Kraly were decided on the same day.