OPINION
{¶ 1} Plaintiffs-appellants, Joellen and Bill Whanger, appeal from a Jefferson County Common Pleas Court judgment granting summary judgment in favor of defendant-appellee, Grange Mutual Casualty Company.
 {¶ 2} On July 29, 2000, Joellen was driving a van in Myrtle Beach, South Carolina. Her husband, Bill, was a passenger. Joellen was stopped in traffic when another vehicle struck the van she was driving. Glenda Kelly was the operator of the other vehicle. Joellen was injured as a result.
 {¶ 3} Appellants filed a personal injury claim against Kelly and her insurer, Nationwide, in South Carolina on January 8, 2003. Kelly's policy with Nationwide had a limit of $50,000. Appellants eventually settled that claim for $27,000 on April 22, 2004.
 {¶ 4} Appellants were insured under a policy issued by appellee. The policy included uninsured/underinsured motorist (UM/UIM) coverage with limits of $100,000 per person and $300,000 per accident. Appellants informed appellee about their settlement with Nationwide and Kelly before accepting it.
 {¶ 5} Appellants filed a complaint against appellee on March 7, 2005, to collect under their UIM policy. After taking Joellen's deposition, appellee filed a motion for summary judgment. Appellee alleged that appellants' claims were time-barred because they did not file their UIM claim within the period prescribed by the policy. Specifically, appellee asserted that appellants failed to file their claim within two years of the date of the accident or within one year after they should have been aware and/or were aware of the potential UIM claim.
 {¶ 6} After a hearing on the motion, the trial court granted summary judgment in favor of appellee. Appellants filed a timely notice of appeal on May 1, 2006.
 {¶ 7} Initially, we should note that appellee attached Joellen's uncertified deposition to its motion for summary judgment. There is no indication on the docket sheet that appellee filed the deposition with the trial court, nor did it file the deposition with this court. Civ.R. 56(C) provides in part:
 {¶ 8} "Summary judgment shall be rendered forthwith if the pleadings, *Page 2 
depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule."
 {¶ 9} Since the deposition was never actually filed in the trial court, it is not proper summary judgment evidence. However, it is within the trial court's discretion to consider nonconforming summary judgment evidence when there is no objection. Bell v. Holden Surveying,Inc., 7th Dist. No. 01-AP-766, 2002-Ohio-5018, at ¶ 22. The trial court stated in its judgment entry that it considered the deposition and no objection appears in the record. Therefore, we too will consider Joellen's deposition despite its noncompliance with Civ.R. 56(C).
 {¶ 10} In reviewing an award of summary judgment, appellate courts must apply a de novo standard of review. Cole v. Am. Industries Resources Corp. (1998), 128 Ohio App.3d 546, 552, 715 N.E.2d 1179. Thus, we shall apply the same test as the trial court in determining whether summary judgment was proper. Civ.R. 56(C) provides that the trial court shall render summary judgment if no genuine issue of material fact exists and when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. State ex rel. Parsonsv. Flemming (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377. A "material fact" depends on the substantive law of the claim being litigated.Hoyt, Inc. v. Gordon Assoc, Inc. (1995), 104 Ohio App.3d 598, 603,662 N.E.2d 1088, citing Anderson v. Liberty Lobby, Inc. (1986),477 U.S. 242, 247-248, 106 S.Ct. 2505, 91 L.Ed.2d 202.
 {¶ 11} Appellants fail to set out assignments of error for this court's review. Instead, they list three issues, which they assert we must determine. Their first two issues share a common basis in law and fact. Thus, we will address them together. They state:
 {¶ 12} "Whether the holding in Sarmiento * * * [v. Grange Mut. Cas.Co., *Page 3 106 Ohio St.3d 403, 835 N.E.2d 692, 2005-Ohio-5410] which was issued by the Ohio Supreme Court on October 26, 2005, and pertained to uninsured motorist coverage will preclude the Plaintiffs' claim for underinsured motorist coverage in light of the fact that Plaintiffs filed their claim for underinsured motorist coverage within one (1) year of having exhausted the tortfeasor's limits."
 {¶ 13} "When Plaintiffs were aware, or should have been aware of their claim for underinsured motorist coverage within two years of accident [sic.]."
 {¶ 14} Appellants' policy with appellee contains the following pertinent UM/UIM provisions:
 {¶ 15} "A. We will pay damages which an insured is legally entitled to recover from the owner or operator of an uninsured motorvehicle[1] because of:
 {¶ 16} "1. Bodily injury suffered by the insured and caused by an accident; and
 {¶ 17} "2. Property damage caused by an accident * * *
 {¶ 18} "The owner's or operator's liability for these damages must arise out of the ownership, maintenance, or use of the uninsured motorvehicle. We will pay under this coverage only if 1. or 2. below applies:
 {¶ 19} "1. The limits of liability under any applicable bodily injury liability bonds or policies have been exhausted by payment, with our consent, of judgments or settlements; or
 {¶ 20} "2. A tentative settlement has been made between aninsured and the insurer of * * * [an underinsured motor vehicle] and we:
 {¶ 21} "a. Have been given prompt written notice of such settlement; and
 {¶ 22} "b. Advance payment to the insured in an amount equal to the tentative settlement within 90 days after receipt of notification." (Emphasis sic.)
 {¶ 23} Appellants' policy with appellee also contains the following contractual statute of limitations: *Page 4 
 {¶ 24} "Any arbitration or suit against us will be barred unless commenced within 2 years (TWO YEARS) from the date of the accident or1 year (ONE YEAR) after the date that you were aware, or should have been aware, of a claim for which coverage would apply whichever is later." (Emphasis sic.)
 {¶ 25} The parties focus much of their arguments on the Ohio Supreme Court case of Sarmiento v. Grange Mut. Cas. Co. In Sarmiento, the plaintiffs were driving/riding in a pickup truck on November 5, 1998, in New Mexico when their vehicle was struck by another vehicle. The driver of the other vehicle was uninsured.
 {¶ 26} At the time of the accident, Maria Sarmiento, the owner of the pickup truck was insured under a policy issued by Grange that included UM/UIM coverage. On November 5, 2001, the plaintiffs filed a complaint in Ohio, seeking UM coverage under the Grange policy. The trial court granted summary judgment in favor of Grange. It concluded that Grange was not obligated to provide UM coverage, because the plaintiffs had not filed suit within two years from the date of the accident as required by the policy.
 {¶ 27} The plaintiffs appealed arguing that Grange's two-year limitation period was unreasonable and unenforceable because it was shorter than New Mexico's three-year statute of limitations for personal injuries, which applied to the underlying tort claim. The Eighth District Court of Appeals, applying Ohio law, determined that Grange's two-year limitation period was reasonable and enforceable and affirmed the trial court's judgment on that issue.
 {¶ 28} The plaintiffs appealed to the Ohio Supreme Court, which framed the issue as: "[W]hether a two-year contractual limitation period for filing uninsured-and underinsured-motorist * * * claims is reasonable and enforceable when the underlying tort claim is governed by the laws of another state, whose statute of limitations for the claim is longer than two years." Id. at ¶ 1.
 {¶ 29} The Court first observed that Ohio law applied, since this was a contract action. Id. at ¶ 8. It then cited to the UM/UIM policy language regarding the time within which an insured must bring a claim. The language used is identical to *Page 5 
the policy language in the present case.
 {¶ 30} The Court stated there was no dispute that the policy clearly and unambiguously limited to two years the time in which an insured could sue Grange for UM/UIM benefits. Id. at ¶ 12. However, it went on to address the plaintiffs' contention that the policy's two-year limitation should not bar their lawsuit for UM coverage that was filed within three years of the accident, because their claims against the tortfeasor were subject to a three-year statute of limitations under New Mexico law. The Court found that Lane v. Grange Mut. Cos. (1989),45 Ohio St.3d 63, 543 N.E.2d 488, read in conjunction with Miller v.Progressive Cas. Ins. Co. (1994), 69 Ohio St.3d 619, 635 N.E.2d 317, was dispositive.
 {¶ 31} In Lane, the Court construed language in a Grange policy that prohibited the filing of UM/UIM claims "`unless * * * commenced within the time period allowed by the applicable statute of limitations for bodily injury or death actions in the state where the accident occurred.'" Sarmiento, 106 Ohio St.3d at ¶ 15, citing Id. at 63. The Court concluded that the provision was unclear and ambiguous because it failed to tell policyholders the amount of time available for commencing an action and when the limitation period began to run.Sarmiento, 106 Ohio St.3d at ¶ 15, citing Id. at 64.
 {¶ 32} In Miller, the Court held that a contractual one-year limitation period for filing UM/UIM claims, when Ohio's statute of limitations for bodily injury in R.C. 2305.10 was two years, was unreasonable and void as against the public policy behind former R.C.3937.18. Sarmiento, 106 Ohio St.3d at ¶ 16, citing Miller,69 Ohio St.3d at 623-24. But the Court noted that a two-year limitation period would be a reasonable and appropriate time period in which to require an insured to commence an action under the UM/UIM provisions of an insurance policy. Sarmiento, 106 Ohio St.3d at ¶ 16, citingMiller, 69 Ohio St.3d at 624-625.
 {¶ 33} Consequently, the Sarmiento Court held:
 {¶ 34} "Therefore, pursuant to Miller v. Progressive, the two-year limitation period in the Grange policy is reasonable and enforceable. A contractual limitation *Page 6 
period of two years does not violate the underlying purpose of UM/UIM coverage, because the limitation period does not eliminate or reduce the UM/UIM coverage required by former R.C. 3937.18. * * * The insured is not foreclosed from commencing an action for UM/UIM coverage so long as the insured satisfies the policy's conditions precedent to coverage, including commencing an action against the insured [sic] within the contractual limitation period.
 {¶ 35} "Despite the three-year statute of limitations for torts in New Mexico, nothing prevented the Sarmientos from commencing an action against Grange for UM benefits within the two-year contractual limitation period and then assigning their rights against the tortfeasor to Grange. Therefore, we hold that a two-year contractual limitation period for filing UM/UIM claims is reasonable and enforceable, regardless of whether the foreign state in which the accident occurred provides a longer statute of limitations for the underlying tort claim." Id. at ¶ 20-21. (Internal citation omitted.)
 {¶ 36} Appellants now argue that this case is distinguishable fromSarmiento because they are seeking UIM coverage, not UM coverage. They point out that they had either two years from the date of the accidentor one year from the date they knew or should have known of their claim for coverage. Appellants assert that, at the time of the accident, they did not know whether they had a UIM claim or not. They argue that they did not have a UIM claim until they exhausted the tortfeasor's liability limits by judgment or settlement. They note that they reached a settlement on April 22, 2004 and that they executed the settlement and release on May 20, 2004. Therefore, they claim that they had at least until April 22, 2005 to file a UIM claim against appellee. Since they filed their claim on March 7, 2005, appellants assert that it was timely.
 {¶ 37} Appellants further argue that the "1 year (ONE YEAR) after the date that you were aware, or should have been aware, of a claim for which coverage would apply whichever is later" language is unclear and ambiguous because it failed to advise them how long they had to file a UIM claim. *Page 7 
 {¶ 38} Finally, appellants argue that this case is more analogous toMowery v. Welsh, 9th Dist. No. 22849, 2006-Ohio-1552. In that case, William Mowery was involved in an auto accident caused by Brent Welsh on August 31, 2000. He, along with his wife, filed a lawsuit against Welsh and his insurer on August 20, 2002. During discovery, Mowery remained under the treatment of a physician for injuries he sustained in the accident. On June 4, 2003, Mowery's physician issued an expert report opining that Mowery likely needed surgery and provided a cost estimate. Due to the cost of the surgery, the Mowerys realized that Welsh's liability limit of $12,500 would be insufficient to compensate them and a UIM claim would arise. They filed an amended complaint on October 3, 2003, raising a UIM claim against their insurer, Allstate. The Mowerys then settled with Welsh for the $12,500 limit of his policy, informing Allstate prior to accepting.
 {¶ 39} Allstate filed a motion for summary judgment alleging that the policy dictated that any legal action against it be brought within two years of the date of the accident and that, because the Mowerys failed to commence their action within this period, their claim was time barred. The trial court denied the motion and, after a trial resulting in judgment for the Mowerys, Allstate appealed.
 {¶ 40} The Allstate policy provided that any legal action against it had to be brought within two years of the accident. The court determined that under the facts of the case, it was unreasonable to require the Mowerys to exhaust the tortfeasor's policy limits within two years of the accident. In finding that the Mowery's claim was timely filed, the court distinguished Sarmiento. It noted that the statute of limitations set out in the Allstate policy differed significantly from that inSarmiento. It went on to state, "[u]nder the Sarmiento provision, hypothetically, an insured who did not become aware of his UM/UIM claim until three years after the date of the accident would not be barred from commencing an action for UM/UIM coverage within one year from the date he became aware of the claim." Id. at ¶ 24. The court concluded that had the Allstate policy language been the same as that inSarmiento, the Mowerys' claim would have been timely filed. *Page 8 
 {¶ 41} First, appellants attempt to distinguish Sarmiento on the basis that it dealt with a UM claim whereas here, we are dealing with a UIM claim. However, to draw a distinction on this basis is unreasonable.Sarmiento's syllabus stated that it applied to both UM and UIM claims.Sarmiento, 106 Ohio St. 3rd. at paragraph 1 of the syllabus. Additionally, cases dealing with UM and UIM coverage generally group the two together. See Mowery, 9th Dist. No. 22849, at ¶ 18, quotingMiller, 69 Ohio St.3d at 624 ("[W]e disagree with Appellant's argument regarding the distinction between UM and UIM claims. In Miller, the Supreme Court specifically held that its determinations regarding UM coverage are equally applicable to UIM coverage: `Our determination with respect to the validity of a contractual time-limitation provision for uninsured motorist coverage applies with equal force to the validity of a limitations provision affecting underinsured motorist coverage. Whether a case involves uninsured or underinsured coverage, the central question concerning the validity of a contractual period of limitations remains the same: Does the public policy embodied in R.C. 3937.18
prohibit provisions in an insurance contract which limit the period within which an insured must initiate an action or proceeding for payment of uninsured or underinsured motorist benefits to a period of one year? We answer this question in the affirmative.'") Furthermore, the policy at issue states, "PART C-UNINSURED MOTORISTS COVERAGE (Includes Underinsured Motorists Coverage." Thus, the policy makes no distinction between the two. Thus, we will not distinguishSarmiento on this basis.
 {¶ 42} Next, we must determine whether appellants filed their claim within the applicable statute of limitations.
 {¶ 43} The accident occurred on July 29, 2000. Within approximately one year of the accident, appellants had incurred $46,000 in damages. (Joellen dep. 16). Sometime in 2001, appellant retained an attorney. (Joellen dep. 14-15). At that time, they discussed a potential UIM claim. (Joellen dep. 15). Their attorney also informed them at that time that Kelly's policy limit was $50,000. (Joellen dep. 15-16). Appellants filed their claim against Kelly on January 8, 2003. Appellants settled that *Page 9 
claim on April 22, 2004. Appellants did not file their claim against appellee until March 7, 2005. The contractual statute of limitations provides that UM/UIM claims must be filed within two years of the accident or one year after the date the insured was aware, or should have been aware, of a claim for which coverage would apply, whichever is later.
 {¶ 44} Appellants clearly did not file their claim within two years of the accident. Thus, the only way their claim was timely filed was if they filed it within one year of when they were aware, or should have been aware, of a claim for which coverage would apply. Appellants contend that this language was ambiguous and did not advise them of how long they had to file a claim.
 {¶ 45} The Sarmiento Court examined the identical contractual statute of limitations as the one at issue here. However, the issue inSarmiento focused on the "within two years of the accident" language, and not the "within one year after you were aware or should have been aware" language. The Court quoted the entire statute of limitations clause. It then stated that there was no dispute that the policy clearly and unambiguously limited the time in which an insured may sue Grange for UM/UIM benefits to two years from the time the accident occurred.Sarmiento, 106 Ohio St.3d at ¶ 12. The Court did not separately comment on the "within one year after you were aware or should have been aware" language.
 {¶ 46} The statute of limitations for a contract action is 15 years. R.C. 2305.06. But parties to a contract may limit the time for bringing such an action to a period that is shorter than the general statute of limitations, as long as the shorter period is a reasonable one.Sarmiento, 106 Ohio St.3d at ¶ 11. Furthermore, a contract provision that reduces the time provided in R.C. 2305.06 must be in words that are clear and unambiguous to the policyholder. Id.
 {¶ 47} In Lane, 45 Ohio St.3d 63, which the Sarmiento Court cited to, the Court examined a contractual statute of limitations that stated, "`No suit or action whatsoever or any proceeding instituted or processed in arbitration shall be brought against the company for the recovery of any claim under this coverage * * * unless *Page 10 
same is commenced within the time period allowed by the applicable statute of limitations for bodily injury or death actions in the state where the accident occurred.'" Id. at 63. The Court concluded that this clause was not in words that were clear and unambiguous to the policyholder. It reasoned that someone lacking knowledge of the Ohio Revised Code would not know that generally an action for bodily injury must be commenced within two years. Id. at 64. Furthermore, it observed that reference to "the applicable statute of limitations" did not identify a precise time period. Id. And the Court found that the clause did not specify when the statute of limitations would begin to run. Id. Thus, the Court concluded that the language was unclear and ambiguous and, therefore, failed to shorten the statutory statute of limitations. Id. at 65.
 {¶ 48} Here, the "within one year after you were aware or should have been aware" language is unambiguous. Unlike in Lane, the provision references a precise time period and does not require the policyholder to reference the Revised Code.
 {¶ 49} Appellants assert that they were unaware that they had a UIM claim until they settled their claim with Kelly. But appellants were aware or should have been aware of their potential UIM claim in 2001, when their attorney determined and informed them that they had $46,000 in special damages and that Kelly's policy limit was $50,000. They also should have known that their UIM policy had limits of $100,000 per person and $300,000 per accident. Thus appellants should have known that their damages were going to exceed Kelly's policy limit of $50,000 and that they could file a UIM claim against appellee for their remaining damages.
 {¶ 50} Appellants filed their claim against Kelly on January 2003. They did not file their claim against appellee until March 2005, over two and a half years later. Appellants likely should have known of their UIM claim in 2001, after speaking with their attorney. At the very latest, they should have known of their UIM claim in January 2003 when they filed suit against Kelly. Either way, appellants did not come close to filing that claim against appellee "within on year after * * * [they] were aware or should have been aware" of their UIM claim.
 {¶ 51} The problem with concluding that the policy language at issue is *Page 11 
ambiguous is that this interpretation would be at odds with part of the Ohio Supreme Court's decision in Sarmiento. The Court stated, "[d]espite the three-year statute of limitations for torts in New Mexico, nothing prevented the Sarmientos from commencing an action against Grange for UM benefits within the two-year contractual limitation period and then assigning their rights against the tortfeasor to Grange."Sarmiento, 106 Ohio St.3d at ¶ 21. The same can be said here. Nothing prevented appellants from filing an action against appellee within two years of the accident, or, at the latest, when they filed their suit against Kelly, and then assigning their rights against Kelly to appellee.
 {¶ 52} Accordingly, appellants' first and second issues are without merit.
 {¶ 53} Appellants' third issue states:
 {¶ 54} "Whether the holding in Sarmiento * * * issued on October 26, 2005, applies retroactively so as to preclude Plaintiffs' claim for underinsured motorist coverage which was filed on March 7, 2005."
 {¶ 55} Here appellants argue that we should not applySarmiento retroactively to this case.
 {¶ 56} The Ohio Supreme Court has held:
 {¶ 57} "In the absence of a specific provision in a decision declaring its application to be prospective only, see, e.g., Wolfe v. Wolfe
(1976), 46 Ohio St.2d 399, 350 N.E.2d 413, the decision shall be applied retrospectively as well: ` * * * [t]he general rule is that a decision of the court of supreme jurisdiction overruling a former decision is retrospective in its operation, and the effect is not that the former was bad law, but that it never was the law.' Peerless Electric Co. v.Bowers (1955), 164 Ohio St. 209, 210, 129 N.E.2d 467." State ex rel.Bosch v. Indust. Comm. (1982), 1 Ohio St.3d 94, 98, 438 N.E.2d 415.
 {¶ 58} One other exception exists "where contractual rights have arisen or vested rights have been acquired under the prior decision."Peerless, 164 Ohio St. at 210.
 {¶ 59} There is no indication in Sarmiento that it is only to be applied *Page 12 
prospectively. Therefore, we shall apply Sarmiento retrospectively to this case. Accordingly, appellants' third issue is without merit.
 {¶ 60} For the reasons stated above, the trial court's judgment is hereby affirmed.
Waite, J., concurs. DeGenaro, P.J., concurs.
[1] This section of the policy is titled "UNINSURED MOTORISTS COVERAGE (Includes Underinsured Motorists Coverage)." Thus, it applies to UIM coverage too. *Page 1