DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Mark Figetakis, appeals from the judgment of the Summit County Court of Common Pleas that granted summary judgment in favor of Appellees, Evans Insurance Agency and Owners Insurance Company. We affirm.
 I. {¶ 2} Appellee Owners Insurance Company issued a homeowners' insurance policy ("Insurance Policy") to Appellant to cover Appellant's dwelling and "other structures" located at 3166 Yellow Creek Rd., in Akron, Ohio. Appellee Evans Insurance Agency was the agent that procured the policy.
 {¶ 3} On or about July 23, 2003, Appellant sustained damage to his bridge located on the property. Appellant asserts that he reported the damage to Evans Insurance Agency on or about this date. The parties disagreed as to whether the damage to the bridge was covered under the Insurance Policy.
 {¶ 4} On or about August 3, 2004, more than one year after the damage occurred, Appellant sent a demand letter to appellee Evans Insurance Agency for coverage and payment for the damage to the bridge. Appellee Owners Insurance Company maintains that it did not receive notice of Appellant's claim until on or about August 3, 2004.
 {¶ 5} On September 16, 2004, Appellant filed a complaint pro se against Appellees for breach of contract, breach of fiduciary duty, and bad faith. Appellant asserted that the loss suffered included fallen trees, the loss of Appellant's entrance and access to his dwelling, severe damage to the driveway center span of the bridge, and other fees and expenses. Additionally, Appellant generally asserted that Appellees acted with malice, fraud, or insult. Appellant requested compensatory damages in excess of $25,000 and punitive damages in excess of $1,000,000, plus attorney fees and costs.
 {¶ 6} On September 29, 2004, Appellant received a letter from Owners Insurance Company that indicated that his claim was being denied on the grounds that the Insurance Policy did not cover the type of damage that occurred to the bridge.
 {¶ 7} Owners Insurance Company filed a motion to bifurcate and stay proceedings with respect to the bad faith claim. The trial court granted the motion. Owners Insurance Company filed an answer and a counterclaim for declaratory judgment to determine the rights and obligations under the policy. Evans Insurance Agency also filed an answer.
 {¶ 8} Appellees then filed separate motions for summary judgment, arguing, inter alia, that Appellant's causes of action were time barred by the one-year limitation period provided by the homeowner's policy. Appellant opposed both motions. In a judgment entry dated August 24, 2005, the trial court granted the motions for summary judgment, concluding that Appellant's claims were time barred. The court did not enter judgment on Owners Insurance Company's counterclaim for declaratory judgment but stated that "there is no just cause for delay" pursuant to Civ.R.54(B). This appeal followed.
 {¶ 9} Appellant timely appealed, asserting three assignments of error for review. We address Appellant's second and third assignments of error together to facilitate review.
 II. A. First Assignment of Error
"THE COURT IMPROPERLY GRANTED SUMMARY JUDGMENT FOR DEFENDANTS BECAUSE PLAINTIFF DID FILE SUIT WITHIN ONE YEAR FROM WHEN RIGHT UNDER CONTRACT ACCRUED, THAT BEING WITHIN ONE YEAR FROM DENIAL IN WRITING OF CLAIM BY AUTO-INSURANCE." [sic]
 {¶ 10} In his first assignment of error, Appellant contends that the trial court erred in granting Appellees' motions for summary judgment with respect to Appellant's claim for coverage under the Insurance Policy. Specifically, Appellant argues that the Insurance Policy's provision that limits the time within which a suit may be brought did not apply to preclude his cause of action for coverage under the contract. We disagree.
 {¶ 11} Initially, we note the appropriate standard of review. An appellate court reviews a grant of summary judgment de novo, applying the same standard used by the trial court. Grafton v.Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105; Klingshirn v.Westview Concrete Corp. (1996), 113 Ohio App.3d 178, 180. Pursuant to Civ.R. 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
Any doubt is to be resolved in favor of the non-moving party.Viock v. Stowe-Woodward Co. (1983), 13 Ohio App.3d 7, 12.
 {¶ 12} The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the non-moving party's claims. Dresher v. Burt (1996),75 Ohio St.3d 280, 293. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of the motion. Id.
 {¶ 13} Once this burden is satisfied, the non-moving party has the burden, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. The non-moving party may not rest upon the mere allegations and denials in the pleadings, but must instead point to or submit some evidentiary material that shows that a genuine dispute over the material facts exists. Id. See, also, Henkle v. Henkle (1991), 75 Ohio App.3d 732,735. In its review of a grant of summary judgment, an appellate court "review[s] the same evidentiary materials that were properly before the trial court at the time it ruled on the summary judgment motion." Am. Energy Servs., Inc. v. Lekan
(1992), 75 Ohio App.3d 205, 208.
 {¶ 14} In the instant case, the trial court concluded that the Insurance Policy precluded the filing of a complaint more than one year after the damage to the bridge occurred. Appellant readily admits that he filed his complaint on September 16, 2004, and that the damage occurred on or about July 23, 2003. Section 16(I)(6)(g) of the Insurance Policy provides:
"g. SUIT AGAINST US
"We may not be sued unless there is full compliance with all the terms of this policy. Suit must be brought within one year after the loss or damage occurs."
 {¶ 15} Appellant essentially maintains that the right of action on the Insurance Policy accrued when Owners Insurance Company denied his claim for coverage. We do not agree with this position, and conclude that the cause of action for coverage under the Insurance Policy accrued on the date the damage occurred. See Kunz v. Buckeye Union Ins. Co. (1982),1 Ohio St.3d 79, 81.
 {¶ 16} Appellant asserts that the one-year limitation in the provision is against public policy pursuant to the Ohio Supreme Court decision in Miller v. Progressive Casualty InsuranceCompany (1994), 69 Ohio St.3d 619. However, the Miller case is distinguishable from the instant case. In Miller, the Supreme Court held:
"A provision in a policy for uninsured or underinsuredmotorist coverage which precludes the insured from commencing any action or proceeding against the insurance carrier for payment of uninsured or underinsured motorist benefits, unless the insured has demanded arbitration and/or commenced suit within one year from the date of the accident, is void as against public policy." (Emphasis added.) Miller, 69 Ohio St.3d at syllabus, 619-620.
Furthermore, the Court explicitly reaffirmed the existing legal standard which provides that an insurance policy may limit time for action on a contract to less than 15 years, contrary to the statute of limitations in R.C. 2205.06, stating:
"`Generally, in the absence of a controlling statute to the contrary, a provision in a contract may validly limit, as between the parties, the time for bringing an action on such contract to a period less than that prescribed in a general statute of limitations provided that the shorter period shall be a reasonable one.'" (Edit omitted.) Id. at 624, quoting Colvin v.Globe American Cas. Co. (1982), 69 Ohio St.2d 293, 295, overruled on other grounds by Miller, 69 Ohio St.3d at 624. See, also, Sarmiento v. Grange Mutual Cas. Co.,106 Ohio St.3d 403, 2005-Ohio-5410, at ¶ 11, citing Colvin,69 Ohio St.2d at 295; Wagner v. St. Paul Ins. Co. (May 20, 1987), 9th Dist. No. 12941, at *1.
 {¶ 17} The instant case involves damage to property that was readily ascertainable. We cannot find that the one-year limitation provision in the Insurance Policy is unreasonable in the context of Appellant's cause of action for coverage under the policy. Therefore, we conclude that the provision does not violate public policy. See Colvin, 69 Ohio St.2d at 295;Miller, 69 Ohio St.3d at 624. Because Appellant was thus required to file suit within one year of the date of the damage but failed to do so, we find that Appellees were entitled to judgment as a matter of law and that the trial court did not err in granting their respective summary judgment motions.
 {¶ 18} Appellant's first assignment of error is overruled.
 B. Second Assignment of Error
"THE COURT IMPROPERLY IMPUTED TO PLAINTIFF'S `NOTICE' OF DENIAL CLAIM WHEN THIS `NOTICE' CONSISTED OF TWO 2 MEMOS FROM EVANS INSURANCE AGENCY, NOT AUTO-INSURANCE, AND WERE GIVEN AT TIME AUTO-INSURANCE HAD NO KNOWLEDGE THAT THE CLAIM EVEN EXISTED." [sic]
 Third Assignment of Error
"THE COURT IMPROPERLY GRANTED SUMMARY JUDGMENT AS IT IGNORED THE BAD FAITH AND FRAUD CLAIMS THAT PROVIDES FOR A 4 YEAR STATUTE OF LIMITATIONS." [sic]
 {¶ 19} In his second assignment of error, Appellant essentially asserts that he had a meritorious bad faith claim against Evans Insurance Agency and/or Owners Insurance Company. In his third assignment of error, Appellant contends that the trial court erred in granting summary judgment because it failed to rule on his bad faith and fraud claims.
 {¶ 20} Because the trial court bifurcated and stayed proceedings with respect to Appellant's bad faith claims, Appellant's contentions in these assignments of error are without merit. As to Appellant's assertion regarding the fraud claim, which we note Appellant did not plead with specificity as required by Civ.R. 9(B), we do not find that it was error to grant Appellees' motions for summary judgment, since Appellant failed to file suit within one year of the damage as required by the policy.
 {¶ 21} Appellant's second and third assignments of error are overruled.
 III. {¶ 22} Appellant's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Whitmore, P.J. Moore, J. concur.