DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Plaintiffs-Appellants Medallion Northeast Ohio, Inc. ("Medallion NEO"), Dean Rolland, and Debora Rolland (the "Rollands") (collectively "Appellants") have appealed from the judgment of the Summit County Court of Common Pleas which granted summary judgment to Defendants-Appellees Harlan and Mark Moreland (the "Morelands"). This Court affirms.
 I {¶ 2} The instant appeal arises from two contracts entered into between the Rollands and Medallion USA and Medallion Ohio (collectively "Medallion"). The first contract was entered into between the Rollands and Medallion Ohio. The second contract (the "Agreement") was entered into between the Rollands and Medallion USA and incorporated the first contract. The purpose of the Agreement was to establish the Rollands and their corporation, Medallion NEO, as a franchise of Medallion's indoor home inspection and purification business.
 {¶ 3} On November 1, 2005, Appellants filed a complaint against Medallion, including SCO Medallion Healthy Homes, Ltd. ("Medallion Canada"), asserting claims for breach of contract, fraud, negligent misrepresentation, and violation of the Ohio Business Opportunity Act. In that same complaint, Appellants also purport to have asserted claims of fraud and negligent misrepresentation against the Morelands and Breton Financial Corporation ("Breton").
 {¶ 4} On December 15, 2006, the Morelands filed a motion for summary judgment in which they alleged that they could not be held personally liable for alleged conduct taken in their professional capacity as officers, directors, and shareholders of Medallion Ohio. On February 1, 2006, Appellants filed a brief in opposition to the Morelands motion for summary judgment. On January 23, 2006, Breton filed a motion to dismiss for improper venue. On March 1, 2006, Appellants filed a brief in opposition to Breton's motion to dismiss. On April 6, 2006, the trial court entered a judgment which granted the Morelands' motion for summary judgment and dismissed without prejudice the complaint against Breton for improper venue.
 {¶ 5} Appellants timely appealed asserting two assignments of error. On September 11, 2006, this Court entered a journal entry noting that the order appealed from lacked the requisite Civ.R. 54(B) language, and thus was interlocutory. This Court directed Appellants to demonstrate why the matter should not be dismissed for lack of a final appealable order. Appellants responded on September 26, 2006. On October 24, 2006, Appellants moved to dismiss the appeal with regard to Breton. In the interim, the parties filed their appellate briefs, which addressed the portion of the trial court's order granting Breton's motion to dismiss for improper venue. On October 30, 2006, this Court dismissed the appeal as it pertained to Breton and noted that the appeal pertaining to the Morelands' award of summary judgment remained pending.
 {¶ 6} Accordingly, this Court will address only Appellants' first assignment of error.
 II Assignment of Error "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF APPELLEES MARK MORELAND AND HARLAN MORELAND BECAUE THEY FAILED TO MEET THEIR BURDEN UNDER CIV.R. 56 AND OHIO COMMON LAW TO BE ENTITLED TO SUMMARY JUDGMENT ON APPELLANTS' CLAIM OF FRAUD AND NEGLIGENT MISREPRESENTATION."
 {¶ 7} In their first assignment of error, Appellants have argued that the trial court erred in granting the Morelands' motion for summary judgment because the Morelands failed to meet the initial burden set out in Civ.R. 56 and Dresher v. Burt (1996), 75 Ohio St.3d 280. Specifically, Appellants have argued that the Morelands did not inform the trial court of the "basis for the motion and identifying portions of the record that demonstrate an absence of a genuine issue of material fact as to some essential element of the non-moving party's claim,"Dresher, 75 Ohio St.3d at 292, because they did not address Appellant's assertions that they were personally liable for fraud and misrepresentations to which the corporate veil afforded no protection. This Court disagrees.
 {¶ 8} An appellate court reviews an award of summary judgment de novo.Grafton v. Ohio Edison Co. (1996), 77 Ohio St .3d 102, 105. This Court applies the same standard as the trial court, viewing the facts of the case in the light most favorable to the non-moving party and resolving any doubt in favor of the nonmoving party. Viock v. Stowe-WoodwardCo. (1983), 13 Ohio App.3d 7, 12. Pursuant to Civ.R. 56(C), summary judgment is proper if:
 "(1) No genuine issue as to any material fact remains to be litigated;
 (2) the moving party is entitled to judgment as a matter of law; and
 (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.
 {¶ 9} The party seeking summary judgment bears the initial burden of informing the trial court of the basis for the motion and identifying portions of the record that demonstrate an absence of a genuine issue of material fact as to some essential element of the non-moving party's claim. Dresher, 75 Ohio St.3d at 292. To support the motion, such evidence must be present in the record and of the type listed in Civ.R. 56(C). Id.
 {¶ 10} Once the moving party's burden has been satisfied, the non-moving party must meet its burden as set forth in Civ.R. 56(E). Id. at 293. The nonmoving party may not rest upon the mere allegations and denials in the pleadings, but instead must point to or submit some evidentiary material to demonstrate a genuine dispute over the material facts. Id. See, also, Henkle v. Henkle (1991), 75 Ohio App.3d 732, 735.
 {¶ 11} Pursuant to Civ.R. 56(C):
 "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."
 {¶ 12} Appellants have argued that the motion for summary judgment solely focused on the lack of genuine issues of material fact concerning the Morelands' status as corporate officers and the protection afforded them by the corporate veil. Appellants have further argued that the motion for summary judgment utterly failed to address the Morelands' personal liability for their individual fraud and negligent misrepresentation. According to Appellants, this failure constituted a failure on the Morelands' part to meet its initial Dresher burden to inform the trial court of the "basis for the motion and identifying portions of the record that demonstrate an absence of a genuine issue of material fact as to some essential element of the non-moving party's claim." Dresher, 75 Ohio St.3d at 292.
 {¶ 13} While this Court is aware that the instant matter was resolved on summary judgment below, we are bound to "affirm a trial court's judgment that is legally correct on other grounds, that is, one that achieves the right result for the wrong reason, because such an error is not prejudicial. It has long been the law in Ohio that where the judgment is correct, a reviewing court is not authorized to reverse such judgment merely because erroneous reasons were assigned as the basis thereof." (Quotations and Citations omitted). Cook Family Invests. v.Billings, 9th Dist. Nos. 05CA008689 05CA008691, 2006-Ohio-764, at ¶ 19.
 {¶ 14} In the instant matter, although the trial court decided the matter on different grounds, the Morelands were entitled to judgment as a matter of law because, as argued in their motion for summary judgment, the complaint never specifically alleged that the Morelands were personally responsible for fraud and negligent misrepresentation.
 {¶ 15} Instead, in counts two and three of the complaint, to which Appellants have directed this Court, Appellants alleged that "[d]efendant Medallion, by and through its employees and/or officers, which included Mark Moreland and Harlan Moreland, negligently and/orintentionally misrepresented * * *" (emphasis added). It is clear from the complaint that Appellants were alleging that Medallion itself was liable for the actions of its employees. From these allegations, there is no hint that Appellants were seeking to hold the Morelands personally liable for their fraud; only that they made misrepresentations on behalf of Medallion. It appears as though Appellants are asking this Court to impute a cause of action against the Morelands that Appellants themselves did not plead. Under Civ.R. 9(B), allegations of fraud must be pled with specificity. See Figetakis v. Owners Ins. Co., 9th Dist. No. 22874, 2006-Ohio-918, at ¶ 20. It is clear from the complaint that Appellants failed to specifically plead a cause of action against the Morelands.
 {¶ 16} Accordingly, the Morelands were entitled to judgment as a matter of law, and the trial court did not commit prejudicial error when it granted the Morelands' motion for summary judgment.
 III {¶ 17} Appellants' first assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellants.
CARR, J. MOORE, J. CONCUR