**STECZ et al.**

v.

**TRAVELERS INSURANCE CO. et al.**

2009-Ohio-7196.]

Court of Common Pleas of Ohio,
Medina County.

No. 08CIV2299.

Decided Aug. 28, 2009.

Brian Fallon, for plaintiffs.

Janik, Dorman & Winter and Melany K. Fontanazza, for defendants.

KIMBLER, Judge.

{¶ 1} The plaintiffs filed a complaint against the defendants. The complaint sets forth three causes of action. The first is for a breach of contract; the second is for what the plaintiffs refer to as "estoppel"; and the third is for fraud. One of the defendants, the Standard Fire Insurance Company, which is designated in the complaint as the Travelers' Insurance Company, filed a motion for summary judgment.

{¶ 2} In its motion, Standard Fire argues that the one-year time limit for the filing of lawsuits against the company that is contained in the policy is applicable to the plaintiffs' complaint. Because it is applicable, according to the insurance company's argument, the plaintiffs' complaint is time barred, and therefore, this court should grant its motion for summary judgment.

{¶ 3} Summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) after construing the evidence most favorably for the party against whom the motion is made, reasonable minds can reach only a conclusion that is adverse to the nonmoving party. *Zivich v. Mentor Soccer Club, Inc.* (1998), 82 Ohio St.3d 367, 696 N.E.2d 201; *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 4 O.O.3d 466, 364 N.E.2d 267.

{¶ 4} The standard of review for a motion for summary judgment was generally stated in *State ex rel. Zimmerman v. Tompkins* (1996), 75 Ohio St.3d 447, 448–449, 663 N.E.2d 639:

{¶ 5} "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made." *State ex rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, citing *Temple v. Wean United, Inc.*, 50 Ohio St.2d at 327, 4 O.O.3d 466, 364 N.E.2d 267.

4

{¶ 6} Summary judgment is appropriate when the nonmoving party does not produce evidence on any issue for which that party bears the burden of production at trial. *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095, paragraph three of the syllabus; *State ex rel. Morley v. Lordi* (1995), 72 Ohio St.3d 510, 513, 651 N.E.2d 937.

{¶ 7} When a motion for summary judgment is made and supported as provided in Civ.R. 56, the nonmoving party may not rest on the mere allegations of his pleading, but his response, by affidavit or as otherwise provided in Civ.R. 56, must set forth specific facts showing that there is a genuine triable issue. Civ.R. 56(E); *Jackson v. Alert Fire & Safety Equip., Inc.* (1991), 58 Ohio St.3d 48, 52, 567 N.E.2d 1027, 1031.

{¶ 8} In this case, the insurance company attached a certified copy of the insurance contract that it claims exists between the parties to its motion. In their response to the insurance company's motion, the plaintiffs do not dispute that the document attached to the summary-judgment motion is a copy of the insurance contract between the parties.

{¶ 9} The contractual limitation that the insurance company refers to is found in the paragraph numbered "8" in Section I of the contract, which is labeled "Conditions." It clearly and unequivocally states that lawsuits against the insurance company must be brought within "one year after the occurrence or loss causing damage." In this case, because the fire that caused the damage occurred on December 23, 2004, then, by the insurance company's reading of the policy, the plaintiffs' lawsuit should have been filed by December 23, 2005.

{¶ 10} Alternatively, the insurance company argues that even if this court takes the position that because the plaintiffs were not notified until January 28, 2005, that the insurance company was denying the claim, it would still be time-barred under the provision described above.

{¶ 11} In Ohio, the statutory limitation period for a written contract is 15 years. However, the parties to a contract may validly limit the time for bringing an action on a contract to a period that is shorter than the general statute of limitations for a written contract, as long as the shorter period is a reasonable one. *Miller v. Progressive Cas. Ins. Co.* (1994), 69 Ohio St.3d 619, 624, 635 N.E.2d 317; *Colvin v. Globe Am. Cas. Co.* (1982), 69 Ohio St.2d 293, 295, 23 O.O.3d 281, 432 N.E.2d 167. "A contract provision that reduces the time provided in the statute of limitations must be in words that are clear and unambiguous to the policyholder." *Sarmiento v. Grange Mut. Cas. Co.*, 106 Ohio St.3d 403, 2005-Ohio-5410, 835 N.E.2d 692, at ¶ 11, citing *Colvin*, 69 Ohio St.2d at 296, 23 O.O.3d 281, 432 N.E.2d 167.

{¶ 12} In *Miller*, the Ohio Supreme Court held that a two-year limitation period would be a "reasonable and appropriate" period of time in which to require an insured who has suffered bodily injury to commence an action under the uninsured/underinsured-motorist provisions of an insurance policy. Id. at 625, 635 N.E.2d 317; *Sarmiento*, 106 Ohio St.3d 403, 2005-Ohio-5410, 835 N.E.2d 692, at ¶ 16.

{¶ 13} It also held in *Miller*, however, that a one-year period to commence such a lawsuit would be unenforceable as against public policy. The reason for the decision, however, was that because insurance companies were required to provide uninsured-motorist coverage, and because a tortious act is a condition precedent for either uninsured or underinsured coverage, a contractual time limit shorter than two years was against public policy.

{¶ 14} The analysis in *Miller* was consistent with Ohio Supreme Court cases that held that the version of R.C. 3937.18 that existed in 1994 was a remedial statute and had to be construed liberally in order to effectuate the remedy.

{¶ 15} With regard to a homeowners' liability, however, this court is aware of no remedial statute that would either conflict with a contractually imposed one-year time limit to bring a lawsuit; nor is this court aware of any public policy that such a limitation would hinder.

{¶ 16} Further, the Court of Appeals for the Ninth Appellate District held that a one-year time limit to bring a lawsuit against an insurance company in a homeowners' policy was reasonable. See *Figetakis v. Owners Ins. Co.*, Summit App. No. 22874, 2006-Ohio-918, 2006 WL 475271.

{¶ 17} Therefore, with regard to the claim for breach of contract, this court finds that the motion for summary judgment is well taken. It grants judgment for the defendant, the Standard Fire Insurance Company, on the plaintiffs' complaint for the cause of action for breach of contract.

{¶ 18} The question then becomes whether the cause of action for fraud is also time-barred pursuant to the insurance contract.

{¶ 19} In Ohio, fraudulent conduct that is intended to induce a person to enter into a contract is a cause of action. In order to prove fraudulent inducement, a plaintiff must show that a defendant made a knowing, material misrepresentation with the intent of inducing the plaintiff's reliance and that the plaintiff relied upon that misrepresentation to his or her detriment. *ABM Farms, Inc. v. Woods* (1998), 81 Ohio St.3d 498, 502, 692 N.E.2d 574.

{¶ 20} At common law, a party who is fraudulently induced to enter into a contract has the option of either rescinding the contract or suing for damages

pursuant to the terms of the contract. See *Rolling v. Ohio State Home Servs.* (July 14, 1993), Medina App. No. 2157, 1993 WL 261568.

{¶ 21} In this case, because the plaintiffs alleged fraudulent inducement as a separate cause of action, this court assumes that they are not bringing such a cause of action on the basis of the insurance contract, but are bringing that cause of action as a tort. Therefore, the one-year contractual limitation in the insurance policy to bring a lawsuit against the insurance company doesn't apply to the cause of action for fraudulent inducement. Consequently, the motion for summary judgment on that cause of action is denied.

{¶ 22} Finally, there is a cause of action in the complaint for what the plaintiffs refer to as "estoppel." The insurance company argues that under Ohio law, there is not an independent cause of action for what it refers to as "equitable estoppel." In support of that position, it cites *Smith v. Safe Auto Ins. Co.*, 179 Ohio App.3d 240, 2008-Ohio-5806, 901 N.E.2d 298.

{¶ 23} The problem with the insurance company's analysis, however, is that there is more than one kind of estoppel that is recognized by Ohio courts when talking about contracts. There is also the doctrine of promissory estoppel.

{¶ 24} In Ohio, " '[p]romissory estoppel is a quasi-contractual concept where a court in equity seeks to prevent injustice by effectively creating a contract where none existed.' " *Telxon Corp. v. Smart Media of Delaware, Inc.*, Summit App. Nos. 22098 and 22099, 2005-Ohio-4931, 2005 WL 2292800, ¶ 58, quoting *Stickler v. KeyCorp*, 8th Dist. No. 80727, 2003-Ohio-283, 2003 WL 157388, at ¶ 18. Under Ohio law, " '[a] promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise.' " *McCroskey v. State* (1983), 8 Ohio St.3d 29, 8 OBR 339, 456 N.E.2d 1204, adopting Restatement of the Law 2d, Contracts (1973), Section 90; see also *Shampton v. Springboro*, 98 Ohio St.3d 457, 2003-Ohio-1913, 786 N.E.2d 883; *Niemi v. NHK Spring Co., Ltd.* (C.A.6, 2008), 543 F.3d 294, 303–304.

{¶ 25} To establish a claim of promissory estoppel under Ohio law, the plaintiff must prove the following elements: (1) a clear and unambiguous promise, (2) reliance upon the promise by the promisee, (3) reliance by the promisee that is both reasonable and foreseeable, and (4) injury to the promisee as a result of the reliance. *Rigby v. Fallsway Equip. Co., Inc.*, 150 Ohio App.3d 155, 2002-Ohio-6120, 779 N.E.2d 1056; *Cohen & Co., CPAs v. Messina, CPA* (1985), 24 Ohio App.3d 22, 24 OBR 44, 492 N.E.2d 867; see also *Andersons, Inc. v. Consol, Inc.* (C.A.6, 2003), 348 F.3d 496, 503. The party asserting the claim, in this case the plaintiffs, bears the burden of proving these elements by clear and

convincing evidence.  *Dailey v. Craigmyle & Son Farms, L.L.C.,* 177 Ohio App.3d 439, 2008-Ohio-4034, 894 N.E.2d 1301.

{¶ 26} As can be seen from the above, the doctrine of promissory estoppel blends both contract law and tort law to do equity.  Therefore, like fraudulent inducement, it is a separate cause of action, and consequently, a time limit contained in an insurance contract does not limit such a cause of action.

{¶ 27} Therefore, as to the action for breach of contract, the motion for summary judgment is granted, and as to the causes of action for promissory estoppel and fraudulent inducement, the motion for summary judgment is denied.

So ordered.